Peter K. Strojnik, State Bar No. 026082
**THE STROJNIK FIRM L.L.C.**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 510-9409
Facsimile: (602) 916-0253
Strojnik@skplaw.com

Attorneys for Plaintiff
Amy Patterson

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| AMY PATTERSON, | Case No: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| TWO FINGERS, LLC, an Arizona corporation *dba* Stone and Vine Urban Italian Restaurant; FOUR FINGERS, LLC, an Arizona corporation *dba* Salt & Lime Modern Mexican Grill; SIX FINGERS, LLC, an Arizona corporation *dba* Black & Bleu Restaurant; JOSEPH M. POPO and GABRIELLA POPO, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff alleges:

## INTRODUCTION

1. This is a lawsuit for compensatory, declaratory and injunctive relief against Defendants to redress the deprivation of rights secured to the Plaintiff by the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e et seq., as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16 and the Civil Rights Act of 1991, Pub. L. No. 102-166, arising from the hostile work environment caused to Plaintiff by Defendants.

2. This lawsuit is also brought to remedy the certain common law violations perpetrated by Defendants including battery, assault, defamation, and intentional infliction of emotional distress. Defendants employed Plaintiff at three different restaurants, and the managing member of each Defendant – Joe Popo – engaged in a systematic and continuous sexual harassment of Plaintiff including repeatedly grabbing her buttocks, showing her his penis in her office and asking her on multiple occasions to participate in sex acts with him. In addition to participating in sexual assault and sexual harassment against Plaintiff, Popo and Defendants engaged in a smear campaign to paint Plaintiff as a "whore" and a person who carries and spreads sexually transmitted diseases after she sought to protect her rights.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 1343. The common law claims are part and parcel the jurisdiction over the Title VII cause of action.

4. The employment practices and other wrongful acts alleged to be unlawful were committed within the jurisdiction of this District, and venue is proper in this division pursuant to LRCiv 77.1(a).

5. Plaintiff has exhausted her federal and state administrative remedies as to the Title VII cause of action. Plaintiff received a Right to Sue letter against the Title VII defendants on March 6, 2015.

## PARTIES

6. Plaintiff Amy Patterson is a single female residing in Scottsdale, Maricopa County, Arizona.

7. Defendant Two Fingers, LLC is an Arizona corporation doing business as Stone and Vine Urban Italian Restaurant, which is an Italian restaurant in North Scottsdale. The two members for Two Fingers are Joseph M. Popo and Gabby Bell.

8. Defendant Four Fingers, LLC is an Arizona corporation doing business as Salt & Lime Modern Mexican Grill, which is another restaurant in North Scottsdale but

1  that serves Mexican food. The two members for Four Fingers are Joseph M. Popo and Jeffrey T. Gerlinger. Four Fingers did not become incorporated until September 24, 2013, and Salt & Lime began its operations shortly thereafter.

9. Defendant Six Fingers, LLC is an Arizona Corporation doing business as Black + Bleu, which is a third restaurant in North Scottsdale. One of the members for Six Fingers is an LLC operated by Joseph M. Popo. Six Fingers did not become incorporated until February 7, 2014, and Black + Bleu began its operations shortly thereafter.

10. All restaurants mentioned herein operate in the same plaza at 94th Street and Shea Boulevard in North Scottsdale. These restaurant defendants are referenced herein as the corporate Defendants.

11. Defendant Joseph M. Popo ("Popo") is a member for all three Defendant corporations listed herein. For purposes of Plaintiff's Title VII claims, the corporate Defendants are vicariously liable for Popo's acts listed below. For purposes of Plaintiff's common law claims, Popo is individually liable because he was not acting within the course and scope of employment when taking the acts listed below.

12. Defendant Gabriella Popo is Popo's wife and is included in this lawsuit pursuant to A.R.S. § 25-215 although Mrs. Popo has relevant information about Popo's past alleged indiscretions that relate to the current allegations.

**FACTUAL BACKGROUND**

13. In September 2011, Plaintiff became employed as a server/waitress with Stone & Vine. Her immediate supervisor was Popo.

14. During all relevant times from the date of Plaintiff's original hire until her resignation in late 2014, none of the corporate Defendants had any policy or procedure in place to complain or report sexual harassment at the workplace. During all relevant times, none of the corporate Defendants had a human resources department.

15. Plaintiff worked night shifts at Stone & Vine while she pursued an accountancy career at a local CPA firm during the day hours.

3

1  16. For two full years, Plaintiff performed her job in a stellar fashion, and
2 consequently she was promoted from server to manager in December 2013. She was
3 subjected to sexual harassment by Popo, but it was not until December 2013 when Popo
4 began making *consistent* grotesque sexual advances toward Plaintiff. *Infra*. Popo,
5 although married with children, was also having a sexual affair with another of the
6 corporate Defendants' employees.

7  17. Plaintiff performed her new job as manager well. In or around May 2014,
8 Salt & Lime (as opposed to Stone & Vine) operations were not doing well.
9 Accordingly, Popo asked Plaintiff to work at Salt & Lime also to train the staff, ensure
10 food lines were accurate, ensure the shifts went correctly, and generally to oversee
11 operations.

12  18. After a period of one month, Plaintiff resumed her full duties as Manager
13 at Stone & Vine. Due in part to Plaintiff's efforts at Salt & Lime, Popo promoted
14 Plaintiff from a shift manager to a salary manager. In other words, the corporate
15 Defendants agreed to pay Plaintiff a salary versus payment-per-shift. This occurred in
16 June 2014.

17  19. In early October 2014, Popo asked Plaintiff to take over duties at Black +
18 Bleu, which had opened in September 2014. Plaintiff's duties were similar to her duties
19 at Salt & Lime, e.g. correct management problems and ensure the smooth operation of a
20 new restaurant.

21  20. While Plaintiff was working at Black + Bleu, Plaintiff was promoted from
22 salary manager to General Manager.

23  21. During all relevant times, Popo was a "hands-on" owner in that he was
24 often present at the three restaurants.

25  22. At or around late 2013, Popo began making consistent inappropriate and
26 grotesque sexual advances during each shift Plaintiff worked. In other words, each shift
27 Plaintiff worked, Popo would make an inappropriate sexual advance if he was present.
28

4

1  23. The following non-exhaustive list demonstrates the depravity of these
2 sexual advances that consistently occurred from December 2013 until Plaintiff's
3 resignation in December 2014:
4     a. Popo would make inappropriate sexual comments to Plaintiff including,
5         "I heard you suck pretty good dick."
6     b. Popo would make inappropriate sexual comments about Plaintiff's body
7         including, "Your tits are getting smaller."
8     c. On several occasions, Popo would sexually assault Plaintiff including
9         forcefully grabbing her and injecting his tongue into Plaintiff's mouth.
10    d. Popo would repeatedly grab Plaintiff's breasts.
11    e. Popo would repeatedly slap and grab Plaintiff's buttocks.
12    f. During numerous conversations between Popo and Plaintiff, Popo would
13        rub his penis from the outside of his pants and ask Plaintiff to "suck it."
14    g. On several occasions, Popo would show Plaintiff his erect penis through
15        his pants.
16    h. On multiple occasions, Popo would aggressively pressure Plaintiff to
17        engage in three-way intercourse with him and another employee Amanda
18        Fearon.
19    i. On several occasions, Popo would ask Plaintiff to engage in sexual
20        relations with another employee, Amanda Fearon, while Popo suggested
21        he watch. Plaintiff did not engage in this activity.
22    j. Popo would often ask Plaintiff to describe how she masturbates.
23    k. Popo would send extremely depraved text messages to Plaintiff including
24        the following verbatim text: "I'm your boss when you are on your knees
25        I'm grabbing your hair and my cock is throbbing in your mouth."
26    l. Popo would repeatedly tell Plaintiff that "I want you to get on your
27        knees."
28

1    m. Popo would repeatedly attempt to reach his hands underneath Plaintiff's
2       skirt if she was wearing one.
3    n. Popo would repeatedly accuse Plaintiff of being scared to have an affair
4       with him.
5    o. On repeated occasions, Popo would grab Plaintiff's hips from behind her
6       and thrust his penis against her repeatedly.
7    p. On at least two occasions, Popo entered Plaintiff's office, revealed his
8       bare penis and demand sexual relations.

24. Even though married with children, during this timeframe Popo was having a sexual affair with an employee named Amanda Fearon. Popo and Amanda would often insist that Plaintiff have a "threesome" with them, which means that Popo and Amanda approached Plaintiff about having sex all with each other at the same time.

25. In another even more disturbing scenario, Popo text messaged Plaintiff while she was working. The text message read that Popo was at home and his daughters were playing around at the house with some friends and he revealed that he was "horney" [sic], to wit:

Popo:      Nope right now I'm just laying down
Plaintiff:  Hard to imagine
Popo:      Girls have friends over and they are running around
Plaintiff:  Cute!
Popo:      But I am horney [sic]
Plaintiff:  Oh dang. Just got not cute.

26. These occurrences of vile and disgusting behavior were continuous at each of Plaintiff's shifts such that she could no longer tolerate the degradation coming from Popo. She continuously asked him to stop, but he refused. Popo was aggressive and Plaintiff did not have a human resources department or participate in any other corrective opportunity to make the advances stop. Additionally, Popo was the owner.

6

27. There was no preventative or corrective opportunities provided by the corporate Defendants, and therefore Plaintiff was forced to resign her position as General Manager. In fact, the corporate defendants did not have an HR department or other department dedicated to harassment policies.

28. The corporate Defendants did not have a policy or procedure to report sexual harassment. Even more disturbing, the principal of the LLC owner was the one perpetrating these vile and disgusting advances.

29. Although Plaintiff's job performance was impeccable, and Defendants rewarded her performance with at least four promotions, the last of which was two months prior to her resignation, Popo also repeatedly and aggressively treated her in a derogatory manner in addition to the sexual advances. Examples of his hostility included repeated yelling, using swear words toward Plaintiff. This hostility was both in Plaintiff's office and via text messages. For example, in one text message exchange the following occurred:

Popo: I am sick and tired of hearing fucking excuses!!...Really inaccurate well everyone is reading it!...So its real on fucking yelp so its real

Plaintiff: Ok

30. As a result of Popo's continuous and degrading sexual advances and hostile attitude toward Plaintiff, she has lost income, benefits, and she has suffered from severe emotional distress that has exhibited physical symptoms such as sweating, headaches, acne breakouts, anxiety and loss of sleep.

31. Popo's and the corporate Defendants' actions complained of herein were evil, degrading and done with an evil heart. Some of Popo's actions toward Plaintiff were so grotesque and dark that he and the corporate Defendants should be punished to the point that such behavior never repeats itself.

32. Popo's and the corporate Defendants' actions were done with a reckless disregard or intentional disregard for Plaintiff's federally protected rights. Popo has

1 settled two past sexual harassment cases – once while he owned Sapporo Restaurant in Scottsdale and once while owner of Stone & Vine.

33. Despite the corporate Defendants knowledge of these two past sexual harassment settlements, the corporate Defendants did not install a policy or procedure of reporting sexual harassment.

34. Despite two past sexual harassment settlements, the corporate Defendants did not take any action to ensure Popo would not commit sexual crimes against future employees such as Plaintiff.

35. It is common knowledge amongst corporate Defendant employees and past employees that Popo is a sexual fiend and that he regularly commits adultery and commits sexual harassment with corporate defendant employees. Despite this knowledge amongst the principals of the corporate Defendants, no human resources or policy or procedure for reporting sexual harassment has been installed at the restaurants.

36. The knowledge of Popo's sexual exploits is so widely known that Plaintiff would receive random e-mail messages during the pre-litigation of this matter such as the following: "Anyone and everyone who knows Joe Popo knows that this has been going on for years. He was sued for sexual harassment while he was owner of Sapporo. It was settled. I have seen it more than 50 times since I have known him. Some girls like it because he is good looking and charming, others are afraid of losing their jobs. He's a drunk and a pig, this is no secret. I guarantee you that if you subpoenaed his good looking female employees dating back to Sapporo, he could probably go to prison. Its that bad. Unfortunately, most girls won't do it out of fear and some sort of fucked up loyalty to his family. Good luck with this, I would like to see him get what he deserves."

37. The knowledge of Popo's sexual exploits is so widely known that Plaintiff would receive communications during the pre-litigation of this matter that it is common knowledge that "Popo fucks all the cocktail waitresses."

1   38. Popo's and the corporate Defendants' disregard for the law is a pattern
2   and not simply limited to Title VII and common law. On strong information and belief,
3   the corporate Defendants employ 35-40 undocumented workers in violation of federal
4   law. On strong information and belief, Popo has instructed managers and consultants
5   for the corporate Defendant restaurants to not E-verify kitchen staff.

6   39. During the pre-litigation to this matter and despite the parties being
7   represented by counsel, Popo would attempt to contact Plaintiff through telephone and
8   i-pad facetime.

9   40. During the pre-litigation to this matter, in an effort to warn other women
10  of the alleged predatory nature of Popo, Plaintiff distributed flyers advising of the
11  allegations in this matter. Only a few hours after the flyers were distributed, Popo and
12  the corporate Defendants directly or indirectly published the following defamatory
13  statements about Plaintiff on a public forum called thedirty.com:

14  41. Statement No. 1: A person who calls himself "Amypattersonisawhore"
15  defamed Plaintiff as follows: "This girl Amy Patterson is such a whore. Everyone
16  knows she fucks anything and everything, she sends nude photos to everyone. I'll have
17  to dig some out, Amy. I still have them. I heard you filed this BS… Nice try looking for
18  a payday but everyone in Scottsdale knows you're a lying whore. Stop spreading your
19  STDs while you are at it. There's enough herpes and genital warts. Thank God the one
20  you gave me was curable. GTFO here. Everyone is laughing at your fake shit."

21  42. Statement No. 2: A person who calls himself "Anonymous" defamed
22  Plaintiff as follows: "Just another slut trying to lie and get some money out of it…not
23  surprised if she knew exactly what she was doing the whole time."

24  43. Statement No. 3: A person who calls himself "Amypattersonisawhore"
25  defamed Plaintiff as follows: "Of course she knew. She was looking for a payday the
26  whole time. The only problem is Amy Patterson is huge whore with the std's to prove
27  it. Typical Scottsdale whore looking for free money and tired of 'working.' Well, if
28

9

1  Amy Patterson does score some cash, she should spend every dollar on Valtrex and
2  plastic surgery." Valtrex is a drug used to treat certain sexually transmitted diseases.

3  44. Plaintiff does not have an STD. Plaintiff is not a whore. Plaintiff does not
4  send nude photos to everyone. Plaintiff does not have sex with anything and everything.

5  45. The above statements are false and were disseminated in a public forum
6  for millions of persons to view.

**COUNT ONE**
**(Violation of Title VII of Civil Rights Act – Hostile Work Environment)**
**(42 U.S.C. § 2000e et seq.)**
**(Corporate Defendants)**

46. Plaintiff incorporates by reference all allegations heretofore set forth.

47. Popo is an immediate supervisor for Plaintiff for all three corporate Defendants. Popo is able to make tangible employment actions for all three corporate Defendants such as hiring, firing, reassignment, and changing benefits. Accordingly, pursuant to Title VII the corporate Defendants are vicariously liable for Popo's acts.

48. Plaintiff was subjected to requests for sexual conduct, verbal conduct of a sexual nature, and physical conduct of a sexual nature from Popo as discussed in more detail above.

49. Plaintiff did not welcome this conduct.

50. The conduct was severe as described above and was so pervasive that it occurred at every one of Plaintiff's shifts.

51. Plaintiff perceived her working environment to be both abusive and hostile to the point that she found the work environment so hostile and abusive that she resigned her position.

52. Plaintiff had nowhere to turn to report the sexual harassment and assault coming from her supervisor and owner, Joe Popo, for reasons stated above.

53. A reasonable woman in Plaintiff's position would consider the environment Plaintiff experienced to be abusive, hostile and degrading.

54. As a direct and proximate result, Plaintiff has suffered lost wages, lost future wages and other damages as discussed herein.

55. Defendant acted with malice and an evil heart as described above, and Defendant knew and showed a reckless disregard that its actions violated equal protection laws. Therefore, Plaintiff is entitled to punitive damages. Defendants should be punished for Popo's degrading, offensive and malicious attitude and actions toward a person of the opposite sex.

**COUNT TWO**
**(Intentional Infliction of Emotional Distress)**
**(Popo Defendants)**

56. Plaintiff incorporates by reference all allegations heretofore set forth.

57. Under common law, Popo's actions described above were not within the course and scope of employment since there was no tangible benefit to the corporate Defendants for each disgusting act he took toward Plaintiff.

58. Popo's conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community in any setting, e.g. Popo pulling down his pants and displaying and touching his penis in front of Plaintiff.

59. Popo's conduct was intended to cause and/or was done with reckless disregard of the near certainty that Plaintiff would suffer severe emotional distress.

60. Plaintiff suffered severe emotional distress, which was exhibited by outward physical symptoms.

61. Popo's conduct complained of herein was done with malice, an evil heart, and was so outrageous and so likely to cause tremendous harm to the Plaintiff thereby entitling the Plaintiff to punitive damages.

**COUNT THREE**
**(Battery)**
**(Popo Defendants)**

62. Plaintiff incorporates by reference all allegations heretofore set forth.

63. Under common law, Popo's actions described above were not within the course and scope of employment since there was no tangible benefit to the corporate Defendants for each disgusting act he took toward Plaintiff.

64. Popo intended to cause harm and offensive contact with Plaintiff, he did cause harm and offensive contact with Plaintiff, and as a result Plaintiff suffered damages.

65. Popo's conduct complained of herein was done with malice, an evil heart, and was so outrageous and so likely to cause tremendous harm to the Plaintiff thereby entitling her to punitive damages.

### COUNT FOUR
### (Assault)
### (Popo Defendants)

66. Plaintiff incorporates by reference all allegations heretofore set forth.

67. Under common law, Popo's actions described above were not within the course and scope of employment since there was no tangible benefit to the corporate Defendants for each disgusting act he took toward Plaintiff.

68. Popo intended to cause an apprehension in Plaintiff of immediately harmful or offensive contact, Defendant's conduct did cause Plaintiff an apprehension of immediately harmful or offensive contact, and as a result Plaintiff suffered damages.

69. Popo's conduct complained of herein was done with malice, an evil heart, and was so outrageous and so likely to cause tremendous harm to Plaintiff thereby entitling her to punitive damages.

### COUNT FIVE
### (Corporate and Popo Defendants)
### (Defamation)

70. Plaintiff incorporates by reference all allegations heretofore set forth.

71. The corporate Defendants and Popo, directly or indirectly, upon information and belief, published or caused to be published the defamatory statements referenced herein.

72. The statements made were false and were published in a public forum for millions of persons to view.

73. The corporate Defendants' and Popo's defamatory statements were done with malice, and evil heart, and were so outrageous and so likely to cause tremendous harm to Plaintiff thereby entitling her to punitive damages. Defendants first subjected Plaintiff to sexual harassment and sexual assault only to follow by calling her a whore and accusing her of having sexually transmitted diseases after she sought to protect her rights.

**COUNT SIX**
**(Corporate and Popo Defendants)**
**(Intentional Infliction of Emotional Distress)**

74. Plaintiff incorporates by reference all allegations heretofore set forth.

75. In directly or indirectly publishing the defamatory statements mentioned herein, the corporate Defendants' and Popo's conduct were extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community in any setting, e.g. characterizing Plaintiff as a whore who carries and transfers sexually transmitted diseases after she sought to protect her rights.

76. The corporate Defendants' and Popo's conduct were intended to cause and/or was done with reckless disregard of the near certainty that Plaintiff would suffer severe emotional distress.

77. Plaintiff suffered severe emotional distress, which was exhibited by outward physical symptoms.

78. The corporate Defendants' and Popo's conduct complained of herein was done with malice, an evil heart, and was so outrageous and so likely to cause tremendous harm to the Plaintiff thereby entitling the Plaintiff to punitive damages.

**PRAYER FOR RELIEF**

79. WHEREFORE, Plaintiff prays for relief as follows:

   a. Declaring the acts and practices complained of herein are in violation of Title VII;

   b. General damages and compensatory damages to be proven at trial, including:

      i. Back pay in an amount to be proven at trial;

      ii. Front pay in an amount to be proven at trial;

      iii. The value of lost benefits.

   c. Punitive damages pursuant to the Title VII;

   d. Punitive damages pursuant to the common law counts in the amount of not less than $5,000,000.00;

   e. Prejudgment and post-judgment interest;

   f. Attorney's fees and costs of suit;

   g. For such other relief to which Plaintiff may be entitled and that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

RESPECTFULLY SUBMITTED this 18th day of March, 2015.

THE STROJNIK FIRM LLC

By /s/ Peter K. Strojnik
    Peter K. Strojnik (026082)
    2415 East Camelback Road, Suite 700
    Phoenix, Arizona 85016
    Attorneys for Plaintiff