Eddie A. Pantiliat (State Bar No. 015231)
**HYMSON GOLDSTEIN & PANTILIAT, PLLC**
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
Telephone: 480- 991-9077
minute@legalcounselors.com

Jason R. Mullis (State Bar No. 024289)
jmullis@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
2525 E. Camelback Road, Suite 450
Phoenix, Arizona 85016-4210
Phone: 602-441-1300 ♦ Fax 602-441-1350

*Attorneys for Two Fingers, LLC dba Stone and Vine Urban Italian Restaurant, Four Fingers, LLC dba Salt & Lime Modern Mexican Grill, Six Fingers, LLC dba Black & Bleu Restaurant, and Joseph M. Popo and Gabriella Popo*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| AMY PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>TWO FINGERS, LLC, an Arizona corporation dba Stone and Vine Urban Italian Restaurant; FOUR FINGERS, LLC, an Arizona corporation dba Salt & Lime Modern Mexican Grill; SIX FINGERS, LLC, an Arizona corporation dba Black & Bleu Restaurant; JOSEPH M. POPO and GABRIELLA POPO,<br><br>Defendants. | Case No. 2:15-cv-00494-NVW<br><br>**DEFENDANTS TWO FINGERS, LLC'S, FOUR FINGERS, LLC'S, SIX FINGERS, LLC'S AND JOSEPH AND GABRIELLA POPO'S ANSWER**<br><br>[Assigned to The Hon. Neil V. Wake] |
| TWO FINGERS, LLC, an Arizona corporation dba Stone and Vine Urban Italian Restaurant; FOUR FINGERS, LLC, an Arizona corporation dba Salt & Lime Modern Mexican Grill; SIX FINGERS, LLC, an Arizona corporation dba Black & Bleu Restaurant; JOSEPH M. POPO and GABRIELLA POPO,<br><br>Counterclaimants, | |

LEGAL:10453-0075/4318869.1

|   |   |
|---|---|
| 1 | v. |
| 2 | AMY PATTERSON, |
| 3 | Counter defendant.<br>TWO FINGERS, LLC, an Arizona |
| 4 | corporation dba Stone and Vine Urban Italian Restaurant; FOUR FINGERS, LLC, |
| 5 | an Arizona corporation dba Salt & Lime Modern Mexican Grill; SIX FINGERS, |
| 6 | LLC, an Arizona corporation dba Black & Bleu Restaurant; JOSEPH M. POPO and |
| 7 | GABRIELLA POPO, |
| 8 | Third-Party Plaintiffs, |
| 9 | PETER K. STROJNIK; THE STROJNIK FIRM L.L.C. an Arizona limited liability |
| 10 | company; and Doex I – XX, |
| 11 |   |
| 12 | Third-Party Defendants. |

COMES NOW, Defendants Joseph M. Popo and Gabriella Popo, Two Fingers, LLC, d/b/a Stone & Vine, Four Fingers, LLC, d/b/a Salt & Lime Modern Mexican Grill, and Six Fingers, LLC d/b/a Black & Bleu (collectively "Defendants"), by and through undersigned counsel, for its Answer to Plaintiff's Complaint (the "Complaint") and admits, denies, and alleges as follows:

## PREFACE

Defendants deny each and every allegation of the Complaint, except as herein expressly admitted, qualified, or otherwise answered, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations contained in any averment or in the Complaint as a whole. Defendants also specifically deny any allegations contained in headings, prayers for relief, or unnumbered paragraphs in the Complaint, as applicable.

## INTRODUCTION

1. Defendants deny that they created a hostile work environment for Plaintiff, that Plaintiff is entitled damages and/or failed to redress the deprivation of any rights. The remaining allegations contain Plaintiff's characterization of this action and conclusory

statements, not allegations of fact, and thus no response is required. To the extent that the allegations may be construed to assert allegations of fact to which a response is deemed to be required, the allegations are denied.

2. Defendants admit that they employed Plaintiff at three different restaurants and that Joe Popo was the managing member of each restaurant and expressly deny the remaining allegations contained in Paragraph 2 of the Complaint. The remaining allegations contain Plaintiff's characterization of this action and conclusory statements, not allegations of fact, and thus no response is required. To the extent that the allegations may be construed to assert allegations of fact to which a response is deemed to be required, the allegations are denied.

3. Defendants admit the jurisdictional allegations contained in Paragraph 3 of the Complaint and deny the remainder.

4. Defendants admit that venue is proper and deny the remaining allegations in Paragraph 4 of the Complaint.

5. Defendants admit that Plaintiff obtained a right to sue letter, but is without sufficient information to admit or deny the remaining allegations, and therefore, deny the remaining allegations contained in Paragraph 5 of the Complaint.

**PARTIES**

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint, except to clarify that Two Fingers, LLC does business as Stone & Vine and is an Arizona limited liability company, not a corporation.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint, except to clarify that Four Fingers, LLC is an Arizona limited liability company, not a corporation.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint, except to clarify that Six Fingers, LLC is an Arizona limited liability company, not a corporation.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit that Gabriella Popo and Joseph M. Popo are married. Defendants are without sufficient information to admit or deny the remainder of the allegations in Paragraph 12 and therefore deny the same.

## FACTUAL BACKGROUND

13. Defendants deny that Popo was Plaintiff's immediate supervisor at the time of her employment. Defendants admit the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained within Paragraph 15 of the Complaint, and therefore deny same.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff was asked to work shifts at Salt & Lime and deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit that Plaintiff was asked to work shifts at Black & Bleu and deny the remaining allegations contained in Paragraph 19 of the Complaint..

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint along with each and every allegation contained in its subparts a-p.

24. Defendants deny the allegations contained in Paragraph 24 through 43 of the Complaint.

25. Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained within Paragraph 44 of the Complaint, and therefore deny same.

26. Defendants are without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations contained within Paragraph 45 of the Complaint, and therefore deny same.

## COUNT ONE
**(Violation of Title VII of Civil Rights Act – Hostile Work Environment)**
**(42 U.S.C. § 2000e et seq.)**
**(Corporate Defendants)**

27. The allegations in Paragraph 46 of the Complaint appear to seek reincorporation of the Paragraphs 1 through 45 above, to which Defendants herein adopt and incorporate their responses to Paragraphs 1 through 45 as though fully set forth herein.

28. Defendants deny the allegations contained in Paragraphs 47 through 55 of the Complaint.

## COUNT TWO
**(Intentional Infliction of Emotional Distress)**
**(Popo Defendants)**

29. The allegations in Paragraph 56 of the Complaint appear to seek reincorporation of the Paragraphs 1 through 55 above, to which Defendants herein adopt and incorporate their responses to Paragraphs 1 through 55 as though fully set forth herein.

30. Defendants deny the allegations contained in Paragraphs 57 through 61 of the Complaint.

## COUNT THREE
**(Battery)**
**(Popo Defendants)**

31. The allegations in Paragraph 62 of the Complaint appear to seek reincorporation of the Paragraphs 1 through 61 above, to which Defendants herein adopt and incorporate their responses to Paragraphs 1 through 61 as though fully set forth herein.

32. Defendants deny the allegations contained in Paragraphs 63 through 65 of the Complaint.

/ / /

/ / /

## COUNT FOUR
### (Assault)
### (Popo Defendants)

33. The allegations in Paragraph 66 of the Complaint appear to seek reincorporation of the Paragraphs 1 through 65 above, to which Defendants herein adopt and incorporate their responses to Paragraphs 1 through 65 as though fully set forth herein.

34. Defendants deny the allegations contained in Paragraphs 67 through 69 of the Complaint.

## COUNT FIVE
### (Defamation)
### (Corporate and Popo Defendants)

35. The allegations in Paragraph 70 of the Complaint appear to seek reincorporation of the Paragraphs 1 through 69 above, to which Defendants herein adopt and incorporate their responses to Paragraphs 1 through 69 as though fully set forth herein.

36. Defendants deny the allegations contained in Paragraphs 71 through 73 of the Complaint.

## COUNT SIX
### (Intentional Infliction of Emotional Distress)
### (Corporate and Popo Defendants)

37. The allegations in Paragraph 74 of the Complaint appear to seek reincorporation of the Paragraphs 1 through 73 above, to which Defendants herein adopt and incorporate their responses to Paragraphs 1 through 73 as though fully set forth herein.

38. Defendants deny the allegations contained in Paragraphs 75 through 79 of the Complaint.

## GENERAL DENIAL

39. Defendants generally deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the Complaint:

1. Defendants incorporate by reference those affirmative defenses enumerated in Rules 8(c) and 12(b) of the *Federal Rules of Civil Procedure* as if fully set forth herein. In the

event further investigation or discovery reveals the applicability of any such defenses, Defendants reserve the right to seek leave of Court to amend its answer and assert the same. Such defenses are herein incorporated by reference for the specific purpose of not waiving same.

2.  As a separate defense, and in the alternative, Defendants allege that Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants.

3.  Defendant acted reasonably, permissibly and in good faith, at all material times based on relevant facts and circumstances known to it at the time, or in conformity with and in reliance upon regulations, orders, practices, policies or procedures.

4.  The Complaint, including each purported cause of action therein, is barred, in whole or part, by the doctrines of estoppel, laches, waiver, unclean hands, and after-acquired evidence of on-the-job and employment-related wrongful conduct.

5.  Plaintiff has failed to mitigate her damages.

6.  The Complaint, including each purported cause of action contained therein, is barred because Plaintiff consented to, or ratified and affirmed, the alleged conduct of Defendant.

7.  Defendant has complied with all applicable statutes, regulations and laws, and any actions and policies applied by Defendant were applied to all consistently and in a neutral manner, without Defendant singling Plaintiff out for any disadvantageous treatment.

8.  Plaintiff has failed to satisfy the statutory prerequisites to sue or has failed to exhaust her administrative, contractual and/or statutory remedies.

9.  Plaintiff's Complaint in seeking punitive damages, violates Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution, and violates Defendant's right to substantive due process or due course as provided in the Fifth and Fourteenth Amendments to the United States Constitution. No punitive damages may constitutionally be awarded because any statute allowing such an award is unconstitutional under the Due Process Clause of the Fourteenth Amendment.

10. Plaintiff's Complaint, including each alleged cause of action, is barred by the

Statute of Limitations.

11. Plaintiff's claims for attorney's fees and costs are barred.

12. Plaintiff's claims are barred because Plaintiff has failed to reasonably make use of Defendant's anti-harassment, anti-discrimination and anti-retaliation policies and procedures, as well as the grievance options, mediation options, arbitration options, and other policies and procedures.

13. The Complaint and each purported cause of action contained therein are barred by Plaintiff's or third parties' own acts, omissions, negligence or misconduct.

14. There is no causal connection or nexus between Plaintiff's alleged termination and any alleged harassing, discriminatory or retaliatory activity.

15. Pursuant to the doctrine of avoidable consequences, in that Plaintiff failed to complain and/or failed to complain promptly about any alleged retaliation or discrimination.

16. Defendant exercised reasonable care to prevent and promptly correct any harassing, retaliatory or discriminatory behavior in the workplace.

17. If Plaintiff suffered or sustained any loss, damages or injury at or about the times and places alleged, although such is not admitted hereby or herein, the same or the direct and proximate result of the risk, if any there was, was knowingly assumed by Plaintiff.

18. Defendant took immediate and appropriate efforts to quickly and thoroughly investigate and remedy Plaintiff's complaints, if any.

19. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunity provided by Defendant or to avoid harm otherwise.

20. Plaintiff's claims set forth in the Complaint are barred, in whole or in part, by Plaintiff's release, acquiescence, accord and satisfaction.

21. Defendant, nor any of its managers, officers, directors or agents, ever engaged in any harassment, discrimination or retaliation against Plaintiff, and the environment in which Plaintiff worked was not hostile or offensive as an objective matter and was not considered hostile or offensive by Plaintiff as a subjective matter.

22. Defendant presently has insufficient knowledge or information on which to form

a belief as to whether it may have additional, as yet unstated, defenses available and, therefore, Defendant reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, answering Defendants request that this Court:

1. Dismiss the Complaint with prejudice as to Defendants, and that Plaintiff take nothing by way of the Complaint against Defendants;

2. Award answering Defendant its costs of suit incurred herein, including reasonable attorneys' fees; and

3. Award such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 31st day of March, 2015.

HYMSON GOLDSTEIN & PANTILIAT, PLLC

By: /s/ Eddie Pantiliat
EDDIE A. PANTILIAT
*Attorneys for Defendants Two Fingers, LLC dba Stone and Vine Urban Italian Restaurant, Four Fingers, LLC dba Salt & Lime Modern Mexican Grill, Six Fingers, LLC dba Black & Bleu Restaurant, and Joseph M. Popo and Gabriella Popo*

WOOD, SMITH, HENNING & BERMAN LLP

By: /s/ Jason R. Mullis
JASON R. MULLIS
*Attorneys for Defendants Two Fingers, LLC dba Stone and Vine Urban Italian Restaurant, Four Fingers, LLC dba Salt & Lime Modern Mexican Grill, Six Fingers, LLC dba Black & Bleu Restaurant, and Joseph M. Popo and Gabriella Popo*

///
///

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of March, 2015, the foregoing document entitled, **DEFENDANTS TWO FINGERS, LLC'S, FOUR FINGERS, LLC'S, SIX FINGERS, LLC'S AND JOSEPH AND GABRIELLA POPO'S ANSWER** was e-filed and served via electronic service through the United States District Court for the District of Arizona's ECF System and to the following ECF registrants:

Peter K. Strojnik
THE STROJNIK FIRM L.L.C.
Esplanade Center III
2415 East Camelback Road, Suite 700
Phoenix, AZ 85016

Eddie A. Pantiliat
HYMSON GOLDSTEIN & PANTILIAT, PLLC
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254

_____
Susan Montalvo

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350