EXHIBIT E







**THE DIRTY ARMY:** Nik, Mr. Peter Stronjnik some idiot lawyer in downtown phx has hit on my girlfriend numerous times over the last couple of months while she is walking between office buildings. He left a business card with the security lady at the bottom on the building with a note on the back asking to take her to lunch and get to know her better if she would give him a chance. Well we googled him and in his 'spare time' he apparently likes to go to church and spend time with his wife and children….and creep on 24 year olds….stop creepin, creep. I'm sure he will be making you take this post down cause he is a lawyer, but still post it for long as you can.

**Can you please scan his business card with the note on the back for TheDirty. It is not for me… it is to show God what he is doing.- nik**



💬 0 COMMENTS          ⤢ SHARE POST

🏷 DIRTY NEWS      ♀ SCOTTSDALE

⏱ **RECENT POSTS**







**0 Comments**    The Dirty    ● Login

● Recommend    ⬆ Share    Sort by Best

Start the discussion

Be the first to comment.

ALSO ON **THE DIRTY**    WHAT'S THIS?

**The Real ICK**

41 comments • 5 hours ago

Atom — Ummm...FAIL at Photoshop here!!!! Look at how the car "bends" What an idiot

**Douchy Vandirty Lawyer**

1 comment • 16 hours ago

kandy kisses — he's a lawyer. that's what they do.

Tweets by @nikriche



**Please Put Tricia Evans On Blast**

124 comments · 7 hours ago

Guest — the trolls that are posting this girl are all GUESTS for some odd reason, and all with different names

**Eran Haroni Is So Delusional**

21 comments · 10 hours ago

Nikki — Strongly agree! Next up will probably be 'ting' 'dat' or 'dem'Gtfoh with that shit

DISQUS

© 2015 The Dirty. All Rights Reserved.

Advertise   Copyright   Event Booking   Legal FAQs   Privacy Policy   Terms of Use   Submit Dirt

EXHIBIT F



## THE ALLEGATIONS

Amy Patterson resigned from Stone & Vine effective December 2014 because of Popo's alleged sexual predatory nature. Patterson alleges that Popo did the following to her: (1) dropped his pants, **revealed and touched his penis in front of her,** and asked her if she wanted it, (2) **sexually assaulted her at the workplace,** (3) touched her breasts, (4) attempted to reach under her skirt, (5) rubbed his penis from outside of pants while talking with her, and (6) **repeatedly asked her to have sex with him.** Additionally, after speaking with several witnesses, it is alleged that Popo's restaurants knowingly employ undocumented workers.

## AMY PATTERSON



## SEXUAL HARASSMENT LAW

Women victimized through sexual harassment and sexual abuse/assault can find protection pursuant to federal law and common law. In federal law, women can sue their employer pursuant to Title VII of the Civil Rights Act, which proscribes sexual harassment against women at the workplace. Under common law, if a woman has been sexually assaulted by an employee at the workplace, she can sue the employer and/or the employee for battery and assault. In the case of Joe Popo and his three restaurants, Ms. Patterson is bringing legal claims pursuant to federal and common law. She is seeking compensatory and punitive damages. Please review our Sexual Harassment Law page for more information about the law.

Copyright © The Strojnik Firm, LLC. All rights reserved.







# SHAME ON

## SCOTTSDALE'S STONE & VINE URBAN ITALIAN RESTAURANT

This page lists all of the alleged sexual acts Joseph Popo took toward Amy Patterson in the workplace.

1. Popo said to Ms. Patterson "I heard you suck pretty good dick."
2. Popo said to Ms. Patterson "Your tits are getting smaller."
3. Popo grabbed Ms. Patterson and forced his tongue down her throat.
4. Popo repeatedly grabbed Ms. Patterson's breasts.
5. Popo repeatedly grabbed Ms. Patterson's butt.
6. In numerous conversations between Popo and Ms. Patterson, Popo would rub his penis from the outside of his pants and ask Mr. Patterson to suck it.
7. On several occasions, Popo would show Ms. Patterson his erect penis through his pants.
8. On multiple occasions, Popo would ask Ms. Patterson to make out with Amanda Fearon while he watched.
9. Popo repeatedly grabbed the waistline of Ms. Patterson's pants and looked inside.
10. On multiple occasions, Popo would aggressively pressure Ms. Patterson to have a threesome with him and Amanda Fearon.
11. Popo asked Ms. Patterson to describe how she masturbates.
12. Popo would send Ms. Patterson degrading text messages such as the following: **"I'm your boss when you are on your knees I'm grabbing your hair and my cock is throbbing in your mouth."**
13. Popo would repeatedly tell Ms. Patterson that "I want you to get on your knees."
14. Popo repeatedly would attempt to reach his hands underneath Ms. Patterson's skirt.
15. Popo repeatedly would accuse Ms. Patterson of being scared to have an affair with him.
16. Popo demanded sexual intercourse with Ms. Patterson because he "has to go on vacation with my wife."
17. On repeated occasions, Popo would grab Ms. Patterson's hips from behind her and thrust his penis against her pelvis repeatedly.
18. Popo revealed his bare penis to Ms. Patterson and demanded sexual relations.

Copyright © The Deepak Firm LLC. All rights reserved.



# SHAME ON

## SCOTTSDALE'S STONE & VINE URBAN ITALIAN RESTAURANT

**February 1, 2015:** Patterson files three Charges of Discrimination with the Equal Employment Opportunity Commission against Stone & Vine Urban Italian Restaurant, Salt & Lime Modern Mexican Grill, and Black & Blue Restaurant, to the Charges, Patterson alleges that the common owner of these restaurants, Joe Popo, sexually assaulted her and made unwanted sexual advances upon her at the workplace. The federal Charges of Discrimination can be found here.

**February 1, 2015:** Website www.stoneandvineexcallegations.com opens.

**February 1, 2015:** Posting to facebook page for Stone & Vine providing a link to this website. Several hours later, the link to this website was removed.

**February 2, 2015:** Attorney for Popo and Stone & Vine, Eddie Familiar, sends Patterson's attorney a letter threatening to sue The Familiar Firm LLC and Amy Patterson, for defamation. Familiar demanded that this website be taken down and that "Shame On" banners not be placed at the Stone & Vine Restaurant. In the letter, Familiar described Popo as having integrity and honesty even though it is alleged that Popo cheats on his wife, made unwanted and obscene sexual advances toward Patterson, and is alleged to be breaking federal law by employing undocumented workers. A full copy of Familiar's letter threatening a lawsuit can be found here. Popo's threats of a lawsuit are unwarranted because the statements contained on this website are true. Ms. Patterson has alleged disturbing sexual behavior by Mr. Popo with the federal government.

**February 3, 2015:** Popo's attorney asks Ms. Serajuk to take down this website because Popo and the various restaurants decided to tender the defense the restaurants' insurance company. Patterson's attorney, Mr. Serajuk, agrees to do so as a sign of good faith.

**March 9, 2015:** This website comes back online.

**March 10, 2015:** Ms. Serajuk receives three EEOC Right to Sue Notices for Ms. Patterson's claims against Popo's three restaurants, Stone & Vine, Salt & Lime, and Black and Blue. An EEOC Right to Sue letter is a letter that the Equal Employment Opportunity Commission must provide to a claimant before the claimant can sue in federal court under certain federal statutes, e.g. Title VII of the Civil Rights Act.



**March 14, 2015:** Flyers are distributed at the 9400 plaza in Scottsdale. This plaza houses all three of Popo's restaurants. The flyers' purpose is to protect women. The flyers identify this website and notify the general public of the allegations in this case. Several hours after the flyers are distributed, it is alleged that Popo and or the restaurants directly or indirectly defamed Amy Patterson on thedirty.com by calling her a "whore" and accusing her of having and passing sexually transmitted diseases. In the same post, it states that they are laughing at Ms. Patterson concerning her valid sexual harassment claims.

**March 15, 2015:** One of Popo's lawyers calls Ms. Serepisli and advises that Popo and the restaurants would be making a monetary offer of settlement on the following day.

**March 16, 2015:** On behalf of Popo and the restaurants, Popo's lawyers offer the sum of $25,000.00 to settle Ms. Patterson's legal claims. Ms. Patterson, in reaction to the offer, had this to say: "Their offer is insulting, considering what this sicko did to me." Ms. Patterson obviously rejected the offer and filed the lawsuit two days later.

**March 18, 2015:** Patterson files her lawsuit against Joe Popo, Two Fingers, LLC dba Stone & Vine Urban Italian Restaurant, Four Fingers, LLC dba Salt & Lime Modern Mexican Grill, and Six Fingers, LLC dba Black and Bleu. In the lawsuit, Ms. Patterson alleges the following counts: (1) Violation of Title VII of the Civil Rights Act of 1964 (sexual harassment), (2) Battery, (3) Assault, (4) Intentional Infliction of Emotional Distress, (5) Defamation. In the lawsuit, Ms. Patterson asks for over $5 million in damages.

**March 18, 2015:** Attorneys for 9400 Corporate Center threaten to sue Amy Patterson for interference with Contractual Relations. 9400 Corporate Center owns the property at which Stone & Vine, Salt & Lime, and Black & Bleu are located. 9400 demanded that Ms. Patterson not deliver flyers to any parking lot at SV. Approximately 1,000 flyers have been delivered onto vehicles in the SV parking lot during the past week. The flyers alert SV patrons about the claims by Ms. Patterson and about this website. The purpose of these flyers are to express Ms. Patterson's First Amendment Rights and to ensure that future women are protected against the alleged exploits of Mr. Popo. 9400's Demand, while protected, is based on a meritless pretextual claim. Ms. Patterson will continue to use her first amendment rights.

**March 20, 2015:** Popo's lawyer, Eddie Pantillat, also threatens Ms. Patterson for an interference lawsuit. According to Ms. Serepisli, "Mr. Pantillat's threats have become very nauseating to me at this point. Several hours have been made put Mr. Pantillat nor his clients have followed through. Concerning his threat of a lawsuit for interference with contractual Relations, the claim is not credible because Stone & Vine and Popo are missing three of the five elements to prove an interference claim. There are no damages, there is no breach with a third party, and there is no improper interference. The expression of first amendment rights is not improper, and truth is an absolute defense. With the delivery of the flyers and with our future Shame On Popo campaign, we are simply reporting the truth to the general public."

**March 21, 2015:** Patterson arranges for the delivery of 250 additional flyers to the Stone & Vine parking lot during peak Saturday night hours. A photograph of the flyers that have been delivered during peak restaurant hours can be see below:





Home    About    List of Popo Sexual Acts    Legal Claim Progress    Sexual Harassment Law    Joe Popo's Lawyer    Links    Contact

# SHAME ON

## SCOTTSDALE'S STONE & VINE URBAN ITALIAN RESTAURANT

It is unlawful for sexual harassment to occur at the workplace. Sexual harassment at the workplace is governed by Title VII of the Civil Rights Act. The following citation to law identifies the elements required to prove a Title VII case, which was taken directly from the original demand letter sent from Patterson's attorney to Popo and his several restaurant partners. The entire text of the demand is found here with small redactions. Please note that the demand contains allegations made by Patterson against Popo, which are currently subject to a Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission.

For a broader summary of Title VII law as it applies to sexual harassment, please click on this link.







Eddie Pancilar has been nominated by his peers as one of Arizona's Finest Lawyers. His practice emphasizes wrongful death, personal injury, medical malpractice, and product liability claims, as well as commercial litigation involving business disputes, corporate matters, construction and real estate, commercial torts, and employment matters. Additionally, he has been specially trained in the practice of mediation. Mr. Pancilar's experience includes representation of many seriously injured victims of negligence, malpractice and dangerous products. He is responsible for the successful litigation of a wrongful death case that yields d a settlement of more than $1.3 million for our client and a settlement of $8.2 million in a personal injury case. His commitment to his clients has earned him a preeminent ranking on Martindale Hubbell. Mr. Pancilar has over a decade's experience in representing small- to mid-size businesses as general counsel, helping clients in areas including formation, employment agreements and contracts, shareholder agreements, and buy/sell agreements. Mr. Pancilar received his B.A. in Political Science from California State University at Northridge and his law degree from Whittier Law School. He is currently a member of the State Bar of Arizona, the American Trial Lawyers Association, and the Arizona Trial Lawyers Association. *Source: http://scottsdale-lawyer.com/attorneys/eddie-a-pancilar/.*

Copyright @ The Strojnik Firm LLC. All rights reserved  



http://scottsdale-lawyer.com/attorneys/eddie-a-pantil...    🔎 Eddie A. Pantiliat « Hymson...

File   Edit   View   Favorites   Tools   Help

Web Slice Gallery ▾

480-991-9077

# HYMSON GOLDSTEIN & PANTILIAT, PLLC
## ARIZONA ATTORNEYS, MEDIATORS & COUNSELORS
### Our Business is Your Peace of Mind

Search

Attorneys   Areas of Practice   News Letters & Articles   Bankruptcy Q&A   Arizona Eviction FAQ   Blog   Ebooks

Home   About Us   Testimonials   Positions   Contact Us   Map & Directions   Review Us

## Eddie A. Pantiliat

EAP@legalcounselors.com



Eddie Pantiliat has been nominated by his peers as one of *Arizona's Finest Lawyers*. His practice emphasizes wrongful death, personal injury, medical malpractice, and product liability claims, as well as commercial litigation involving business disputes, corporate matters, construction and real estate, commercial torts, and employment matters. Additionally, he has been specially trained in the practice of mediation.

Mr. Pantiliat's experience includes representation of many seriously injured victims of negligence, malpractice and dangerous products. He is responsible for the successful litigation of a wrongful death case that yielded a settlement of more than $1.2 million for our client and a settlement of $2.7 million in a personal injury case. His commitment to his clients has earned him a preeminent ranking on Martindale Hubbell.

Mr. Pantiliat has over a decade's experience in representing small- to mid-size businesses as general counsel, helping clients in areas including formation, employment agreements and contracts, shareholder agreements, and buy-sell agreements.

Mr. Pantiliat received his B.A. in Political Science from California State University at Northridge and his law degree from Whittier Law School. He is currently a member of the State Bar of Arizona, the American Trial Lawyers Association, and the Arizona Trial Lawyers Association.

**E-mailing attorneys from this website does not constitute attorney/client relationship. A formal attorney/client relationship begins after a conflicts check and engagement agreement are signed.**



## NEED HELP?

- Bankruptcy
- Real Estate
- Personal Injury
- Family (Divorce) Law

CONTACT US



**10% MILITARY DISCOUNT**

Free Mediation Ebook Download

A GUIDE TO USING MEDIATION for BUSINESS DISPUTES

## Our Attorneys

**M. BRENT PEUGNET**
Brent Peugnet has represented individuals and corporations in personal injury for both ... 

**Irving Hymson**
Irving Hymson developed his analytical, drafting and negotiation skills in prominent New ... 

**David B Goldstein**
David Goldstein, is an experienced litigator and transactional attorney, concentrating his practice ... 

**Eddie A. Pantiliat**
Eddie Pantiliat has been nominated by his peers as one of Arizona's ... 

**John L. Lohr Jr.**
John L. Lohr, Jr. primary practice areas consist of Real Estate Law, ... ∞

About admin





### Lori Brown

Lori Brown has extensive experience in labor and employment law as well ... ∞

### Paul Omerza



Paul Omerza has established legal skills in the areas of estate planning ... ∞

### Gordon E. Dudley



Gordon Dudley provides both litigation and transactional representation for his clients. He ... ∞

### Dennis P. Brookshire



Dennis Brookshire has over thirty years of legal experience representing business and ... ∞

### Stacey L. Johnson



Stacey Johnson's practice is dedicated to assisting persons responsible for managing another's ... ∞

Join us on Google+

DAVID B. GOLDSTEIN

## Areas of Practice



Arbitration and Mediation



Bankruptcy



Business



Divorce & Family Law

Elder Law

Employment Law



Estate Planning / Asset Protection



Intellectual Property



Litigation



Personal Injury





"I just wanted to tell you how much I appreciate all your work. I thoroughly enjoy the process of working with you. Its unfortunate that we need to meet up again under these circumstances. I feel so fortunate to have you as my counsel!"

To Attorney Jennifer B. Rubin
From Client Denise T. of Phoenix, Arizona

Read More

## Blog Posts

Avoiding Litigation
Spring has sprung! Each of us has our own way of greeting the season of [...] → Read More

The Importance Of Written Release Agreements
A well drafted written release agreement can protect your company from a lawsuit. A release [...] → Read More

Good News from Congress? Really? Tax Relief for some
For those who have had mortgage debt forgiven in 2014 either by agreement with the [...] → Read More

Alternative dispute resolution ("ADR")
Alternative dispute resolution ("ADR"). Those three words may sound great to people who have spent [...] → Read More

The Joy of Hearing a Book
I have always had a love of reading. Our house was filled with books when [...] → Read More

## Articles & Newsletters

Avoiding Litigation
Spring has sprung! Each of us has our own way of greeting the season of [...] → Read More

The Importance Of Written Release Agreements
A well drafted written release agreement can protect your company from a lawsuit. A release [...] → Read More

Good News from Congress? Really? Tax Relief for some
For those who have had mortgage debt forgiven in 2014 either by agreement with the [...] → Read More

Alternative dispute resolution ("ADR")
Alternative dispute resolution ("ADR"). Those three words may sound great to people who have spent [...] → Read More

The Joy of Hearing a Book
I have always had a love of reading. Our house was filled with books when [...] → Read More

## Bankruptcy Q&A

When will I get my discharge?
If everything goes smoothly in your Chapter 7 case, the U.S. Bankruptcy Court will mail [...] → Read More

What is a Chapter 7 trustee?
The Chapter 7 trustee is an officer of the court appointed to administer your Chapter [...] → Read More

Will I have to go to court after I file for bankruptcy?
No. However, about 6 weeks after you file, you must attend what bankruptcy law calls [...] → Read More

Can filing under Chapter 7 stop lawsuits, garnishments or attachments?
Yes. The filing of a Chapter 7 case automatically stays or stops most lawsuits and [...] → Read More

Which debts are non-dischargeable?
Some of the most common debts that are NOT released by a Chapter 7 discharge [...] → Read More

All Rights Reserved - Copyright © 2004-2012 Hyatt, Goldstein & Pantilat, PLLC
15427 North Scottsdale Road, Suite 300 Scottsdale, AZ 85254 480-991-9077

Find us on Google+
Switch to our mobile site

Follow Us

http://scottsdale-lawyer.com/what-is-a-chapter-7-trustee/





Stacey L Johnson          Scottsdale, AZ          Elder Law, Litigation, Probate & Trust
                                                  Law

John L Lohr Jr            Scottsdale, AZ          Business Law, Corporate Counsel,
                                                  Litigation

Paul Melvin Omerza        Scottsdale, AZ

Search Again                                      PAGE:         1  2   >>   >|

**ATTENTION MEMBERS OF THE PUBLIC:**

Please do not email lawyers the details of your legal matter. Please contact them to make an appointment to discuss your
matter in person. Lawyers have a duty to avoid conflicts and the lawyer you contact by email may already represent
someone in your matter.

Copyright ©2004-2015          FOR THE PUBLIC          FOR LAWYERS          ABOUT US
State Bar of Arizona                                                       Board of Governors
4201 N. 24th Street, Suite 100  Working with Lawyers  Change Your Address   Mission and Goals
Phoenix, AZ 85016-6266        Legal Help              Member Tools          Careers at the Bar
                              Lawyers on Call         CLE & MCLE            Contact Our Offices
Phone: 602-252-4804           Great Legal Resources   Arizona Attorney Magazine
Toll Free: 866-48-AZBAR       Alternatives to Trial   Ethics Opinions      Terms of Use
Fax: 602-271-4930



http://www.stoneandvinesexallegations.com/links.htm

Links

File Edit View Favorites Tools Help

Web Slice Gallery

Home | About | List of Popo Sexual Acts | Legal Claim Progress | Sexual Harassment Law | Joe Popo's Lawyer | Links | Contact

# SHAME ON

## SCOTTSDALE'S STONE & VINE URBAN ITALIAN RESTAURANT

These links provide visitors to this webpage with resources to combat sexual harassment and abuse of women, including several links to court websites and the Equal Employment Opportunity Commission.

- **EEOC Sexual Harassment homepage**: http://www.eeoc.gov/laws/types/sexual_harassment.cfm
- **Arizona Department of Public Safety**: http://www.azdps.gov/Services/Crime_Victims/serviceagencies/assault/
- **Arizona Attorney General employment discrimination**: https://www.azag.gov/discrimination/employment
- **The Strojnik Firm LLC**: www.skplaw.com
- **Joseph Popo's e-mail address**: jpopo@jgpc.com

Copyright © The Strojnik Firm LLC. All rights reserved.

EXHIBIT G

**Jason R. Mullis**

**From:**
**Sent:**
**To:**
**Cc:**
**Subject:**

Begin forwarded message:

> **From:** "Peter K. Strojnik" <<u>strojnik@skplaw.com</u>>
> **Date:** March 17, 2015 at 8:48:09 PM EDT
> **To:** "Robert W. Hellner" <<u>RHellner@wshblaw.com</u>>
> **Cc:** Eddie Pantiliat <<u>EAP@legalcounselors.com</u>>, Amy Patterson <<u>pattersona82@gmail.com</u>>
> **Subject: Re: CONFIDENTIAL/FOR SETTLEMENT PURPOSES ONLY: Patterson Matter**
>
> Stop talking, Robert. We've been definitive enough. You're beginning to sound silly now.
>
> Cordially yours,
>
> Peter Kristofer Strojnik
>
> **From:** Robert W. Hellner
> **Sent:** Tuesday, March 17, 2015 5:42 PM
> **To:** Peter K. Strojnik
> **Cc:** Eddie Pantiliat; Amy Patterson
> **Subject:** Re: CONFIDENTIAL/FOR SETTLEMENT PURPOSES ONLY: Patterson Matter
>
> Your level of confidence in your own understanding of the facts and all the relevant considerations is admirable, and seems to have given you a very clear picture of what you believe the future holds. Unfortunately I cannot, with due respect, share that same confidence in your understanding or that you haven't failed to consider very relevant issues when thinking about this matter.
>
> In any event, thank you for the clarification on your response. We'll leave it open, however, just in case your client like would like to sleep on it until tomorrow at 6 pm EST.

1

On Mar 17, 2015, at 8:16 PM, Peter K. Strojnik <strojnik@skplaw.com> wrote:

Exactly. Robert, I do not engage in hyperbole. What I say is what I do. I intend to destroy these restaurants. Two years from now, we'll wind up with quadruple, SV will be out of business, and Popo will sue Farmers on fiduciary issues. No big deal. We'll wait.

Cordially yours,

Peter Kristofer Strojnik

**From:** Robert W. Hellner
**Sent:** Tuesday, March 17, 2015 4:53 PM
**To:** Peter K. Strojnik
**Cc:** Eddie Pantiliat; Amy Patterson
**Subject:** Re: CONFIDENTIAL/FOR SETTLEMENT PURPOSES ONLY: Patterson Matter

The hyperbole aside, I understand you to mean your client has no interest in settling for              and that you of course informed her of that formal offer, as you are required to do regardless of what you may have been hoping for, before speaking on her behalf just now. Very quick work by you!

On Mar 17, 2015, at 7:34 PM, Peter K. Strojnik <strojnik@skplaw.com> wrote:

That's hilarious! Due respect, I don't think I've ever laughed harder. And an exploding offer? Even funnier. This will be fun. Thanks, Robert.

Cordially yours,

Peter Kristofer Strojnik

**From:** Robert W. Hellner
**Sent:** Tuesday, March 17, 2015 4:26 PM
**To:** 'strojnik@skplaw.com'
**Cc:** Eddie Pantiliat
**Subject:** CONFIDENTIAL/FOR SETTLEMENT PURPOSES ONLY: Patterson Matter

**FOR SETTLEMENT PURPOSES ONLY**

Peter,

As part of our continued settlement discussions in this matter, I have conferred with my client and am authorized to make an offer to resolve all claims by your client and for a full release from your client for the amount of              at this time. This offer, however, is open only for 24 hours from the time of this correspondence, after which time my client has instructed me to rescind the offer. We appreciate that you will share this with your client immediately. We are available for any questions you may have in the interim.

Regards,

Bobby

**Robert W. Hellner**

Partner | Wood, Smith, Henning & Berman LLP
222 East 41st Street, 21st Fl. | New York NY 10017
rhellner@wshblaw.com | TEL 212.999.7110 | FAX 212.999.7139

**W S H & B**

CALIFORNIA • NEVADA • ARIZONA • COLORADO • WASHINGTON
• OREGON • NEW JERSEY • NEW YORK • FLORIDA

EXHIBIT H

**OWNER OF STONE & VINE RESTAURANT**

# SHAME ON

# JOE POPO

**!!!! SEXUAL ASSAULT ALLEGATIONS !!!!**

**www.STONEANDVINESEXALLEGATIONS.com**



# EXHIBIT I

**Jason R. Mullis**

---

**From:**
**Sent:**
**To:**
**Subject:**
**Attachments:**

**From:** strojnik@skplaw.com [mailto:strojnik@skplaw.com]
**Sent:** Friday, March 20, 2015 5:31 PM
**To:** HOWARD WEISS
**Cc:** Amy Patterson; strojnik@skplaw.com
**Subject:** RE: Cease and Desist

Dear Howard,

I'm sorry. There is something going on with my e-mail system today. See attached.

I would also be happy to share witnesses with you regarding the undocumented workers situation. Our goal is to ensure absolute abidance of all law, including federal immigration law. I am very sure 9400 would be much more concerned about leasing to a company that is alleged to be violating federal immigration law versus some little 'ole fliers, and that your client certainly does not wish to aid or abet such activity. <u>Please confirm your client does not aid and abet such activity.</u> I am available for you next week or this weekend if you wish.

As a courtesy heads up, we will be distributing fliers on Sunday evening. Please let me know if you do not receive the attachment with this e-mail. Thanks much, Howard.

Cordially Yours,

Peter Strojnik

## THE STROJNIK FIRM LLC

Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016

1

Phoenix Direct: 602.510.9409
Phoenix Fax: 602.916.0253
Strojnik@skplaw.com
http://www.skplaw.com
http://www.linkedin.com/in/peterstrojnik
**Labor & Employment/Commercial Litigation**

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: RE: Cease and Desist
From: HOWARD WEISS <HWeiss@ngdlaw.com>
Date: Fri, March 20, 2015 4:31 pm
To: "strojnik@skplaw.com" <strojnik@skplaw.com>
Cc: Amy Patterson <pattersona82@gmail.com>

Peter,
Thanks for your email. For some reason, there was not an attachment. Please resend the Complaint at your earliest convenience.

Thank you.



NUSSBAUM GILLIS & DINNER, P.C.
——— ATTORNEYS AT LAW ———

Howard J. Weiss, Esq.
Nussbaum Gillis & Dinner, P.C.
14850 N. Scottsdale Road
Suite 450
Scottsdale, Arizona 85254
Telephone: 480-609-0011
Fax: 480-609-0016
www.ngdlaw.com

Real Estate Transactions * Business Law * Entity Formation

Best Lawyers

**From:** strojnik@skplaw.com [mailto:strojnik@skplaw.com]
**Sent:** Friday, March 20, 2015 12:53 PM
**To:** HOWARD WEISS
**Cc:** Amy Patterson
**Subject:** RE: Cease and Desist

Dear Howard,

2

Attached please find the Complaint filed in the matter of *Patterson v. Two Fingers, LLC et al.* I ask that you refer to paragraph 38 and inquire whether your client has knowledge of this alleged illegal practice on its property. I have referred the matter to the DOJ and Immigration and Customs. I did not hear from you the other day, but I remain available to have a friendly chat. Thank you.

Cordially Yours,

Peter Strojnik

# THE STROJNIK FIRM LLC

Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Phoenix Direct: 602.510.9409
Phoenix Fax: 602.916.0253
Strojnik@skplaw.com
**http://www.skplaw.com**
**http://www.linkedin.com/in/peterstrojnik**
**Labor & Employment/Commercial Litigation**

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: RE: Cease and Desist
From: HOWARD WEISS <HWeiss@ngdlaw.com>
Date: Wed, March 18, 2015 5:18 pm
To: "strojnik@skplaw.com" <strojnik@skplaw.com>

Peter,
Thank you.  I will call you tomorrow.

NUSSBAUM GILLIS & DINNER. P.C.
———— ATTORNEYS AT LAW ————

Howard J. Weiss, Esq.
Nussbaum Gillis & Dinner, P.C.
14850 N. Scottsdale Road
Suite 450
Scottsdale, Arizona 85254
Telephone: 480-609-0011
Fax: 480-609-0016
www.ngdlaw.com

V-Card    Profile

Real Estate Transactions  *  Business Law  *  Entity Formation



**From:** strojnik@skplaw.com [mailto:strojnik@skplaw.com]
**Sent:** Wednesday, March 18, 2015 4:48 PM
**To:** HOWARD WEISS
**Subject:** RE: Cease and Desist

Hey Howard,

That sounds great! I don't really see any negative impact to 9400 considering that's some prime real estate that can be re-filled with another lessee quite quickly. Even if there was a cause of action for Interference, damages would be non-existent. I know a little something about Interference, but I'm sure you've done your research on that. I get what's going on though so yes, please call me tomorrow. I have something from 8-11 and 1-4. I am free otherwise. Thank you.

Cordially Yours,

Peter Strojnik

# THE STROJNIK FIRM LLC

Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Phoenix Direct: 602.510.9409
Phoenix Fax: 602.916.0253
Strojnik@skplaw.com
**http://www.skplaw.com**
**http://www.linkedin.com/in/peterstrojnik**
**Labor & Employment/Commercial Litigation**

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: RE: Cease and Desist
From: HOWARD WEISS <HWeiss@ngdlaw.com>
Date: Wed, March 18, 2015 4:33 pm
To: "Peter K. Strojnik" <strojnik@skplaw.com>

Peter,
Thanks for your prompt response. I understand that you do not have an issue with my client, but my concern is the negative economic impact these actions will have on my client and the Shopping Center.

I will try to give you a call tomorrow to discuss.



NUSSBAUM GILLIS & DINNER, P.C.
———— ATTORNEYS AT LAW ————

Howard J. Weiss, Esq.
Nussbaum Gillis & Dinner, P.C.
14850 N. Scottsdale Road
Suite 450
Scottsdale, Arizona 85254
Telephone: 480-609-0011
Fax: 480-609-0016
www.ngdlaw.com

`V-Card` `Profile`

Real Estate Transactions  *  Business Law  *  Entity Formation



**From:** Peter K. Strojnik [mailto:strojnik@skplaw.com]
**Sent:** Wednesday, March 18, 2015 4:20 PM
**To:** HOWARD WEISS
**Cc:** Amy Patterson; Robert W. Hellner; Eddie Pantiliat
**Subject:** Re: Cease and Desist

Thank you for your letter. Trespassing is a matter for the PD. And I don't think 9400 would ever inject itself into this litigation even if it did have a cause of action, which it does not. The next time the fliers are posted, I recommend you allow the Scottsdale PD to sort it out.

As a side matter, I asked 9400 if it has security to ensure protection on the property. I asked because a witness advised me that a person named "Matt" was looking for my flier posters to beat them up. You have notice.

Give me a call if you want to talk. Our beef is with SV and this sick man Popo not your client. I want to find a middle ground. Btw, say hi to Dave McCarville for me. And thank you to your firm for being a sponsor at my childrens' school's upcoming fun fest. My firm sponsors too, it's a hoot. Thank you.

Cordially yours,

Peter Kristofer Strojnik

**From:** HOWARD WEISS
**Sent:** Wednesday, March 18, 2015 4:01 PM

5

To: strojnik@sbnlaw.com
**Subject:** Cease and Desist

Mr. Strojnik,
On behalf of my client, 94 Hundred Shea, LLLP, please see the
attached letter.  This matter requires your immediate attention.



NUSSBAUM GILLIS & DINNER, P.C.
———— ATTORNEYS AT LAW ————

Howard J. Weiss, Esq.
Nussbaum Gillis & Dinner, P.C.
14850 N. Scottsdale Road
Suite 450
Scottsdale, Arizona 85254
Telephone: 480-609-0011
Fax: 480-609-0016
www.ngdlaw.com
V-Card | Profile

Real Estate Transactions  *  Business Law  *  Entity Formation



EXHIBIT J



Randy Nussbaum
Gregory P. Gillis
Dean M. Dinner
Howard J. Weiss
Scott J. Richardson
David A. McCarville
John E. Parzych
Suzanne L. Diaz
K. Derek Judd
Scott R. Weiner
Jody Buzicky

NUSSBAUM GILLIS & DINNER, P.C.
———— ATTORNEYS AT LAW ————

14850 N. Scottsdale Road, Suite 450
Scottsdale, AZ  85254

T  480.609.0011
F  480.609.0016
www.ngdlaw.com

Of Counsel
Steven A. Cohen

March 18, 2015

***VIA EMAIL (strojnik@skplaw.com) AND FIRST CLASS MAIL***

Peter Strojnik
The Strojnik Firm
2425 East Camelback Road, Suite 700
Phoenix, Arizona 85016

> **Re:    Cease and Desist**

Dear Mr. Strojnik:

This office represents 94 Hundred Shea, LLLP, a Delaware limited liability limited partnership ("94 Hundred Shea"), the owner of the real property and improvements located at 9325, 9343, 9375 and 9397 E. Shea Boulevard, Scottsdale, Arizona (collectively the "Shopping Center"). My client has informed me that your law firm, on behalf of your client Amy Patterson, has created a "Shame On" campaign against Joe Popo and Stone and Vine Urban Italian Restaurant ("Stone and Vine"), one of the tenants at the Shopping Center. I have also been directed to the website that your firm created at www.stoneandvinesexallegations.com and received copies of the leaflets that have been placed on vehicles at the Shopping Center (see attached).

On behalf of 94 Hundred Shea, you are hereby demanded to immediately cease and desist from placing leaflets or any other form of communication on vehicles at the Shopping Center. These vehicles are located on private property and this unauthorized conduct constitutes trespassing, which will not be tolerated. In addition, to the extent that this unlawful conduct affects the business of Stone and Vine or any other tenants at the Shopping Center, such actions may be deemed tortious interference with the contractual relationships that 94 Hundred Shea has with its tenants.

My client takes this matter very seriously. If you fail to immediately comply with this demand, my client is prepared to pursue additional legal action to enforce its rights.

Sincerely,

NUSSBAUM GILLIS & DINNER, P.C.

Howard J. Weiss, Esq.

bp
cc:    94 Hundred Shea, LLLP (via email)
Enclosure

1183937/16259-1



OWNER OF STONE & VINE RESTAURANT

# SHAME ON

# JOE POPO

## !!!! SEXUAL ASSAULT ALLEGATIONS !!!!

www.STONEANDVINESEXALLEGATIONS.com

EXHIBIT K



HYMSON GOLDSTEIN & PANTILIAT, PLLC
ATTORNEYS, MEDIATORS & COUNSELORS
16427 N. SCOTTSDALE RD., SUITE 300 | SCOTTSDALE, AZ 85254
480.991.9077 | 480.443.8854 FAX | WWW.LEGALCOUNSELORS.COM
*Our Business is Your Peace of Mind®*

From the Desk of
Eddie A. Pantiliat
EAP@hgplaw.com

January 30, 2015

FOR SETTLEMENT PURPOSES ONLY *ARE* 408 AND *FRE* 408

VIA EMAIL: strojnik@skplaw.com
AND U.S. MAIL

Peter Kristofer Strojnik, Esq.
**THE STROJNIK FIRM, L.L.C.**
Esplanade Center III
2415 E. Camelback Rd., Suite 700
Phoenix, Arizona  85016

      Re:    Popo, et al. adv. Patterson

Dear Mr. Strojnik:

      We have reviewed your January 12, 2015 letter and conferred with our client.  Based on the allegations contained in your letter, it appears that Ms. Patterson has provided you with false and misleading information regarding her employment and eventual quit from the Company.  While the Company is not opposed to discussing the facts and allegations, this letter demonstrates in an abbreviated fashion the factual inaccuracies and unsupportable allegations of Ms. Patterson.

<u>Factual Background</u>

      Ms. Patterson's behavior in the work place differs substantially from the portrayal in your letter.  Ms. Patterson was very promiscuous and flirtatious in the workplace.  Ms. Patterson constantly drank to excess in the workplace and would have to be picked up off the floor and taken home on numerous occasions.  Our investigation also revealed that Ms. Patterson aggressively initiated sexual relations with several employees:

     •    Ms. Patterson aggressively initiated sexual relations with a male employee who she gave oral sex to while in the car of a parking lot.  Shockingly, afterwards, she sent a text message to a female employee where she stated "His cum tasted like an Abba Zabba."  Later, she also texted that same employee: "I have officially banned myself from Salts margaritas. They're too strong.  Every time . . . night ends in some sort of shameful situation."  Even more shockingly, Ms. Patterson also told Mr. Popo about her sexual relations with this male employee and said, "his taste reminds me of my favorite candy bar."

519210.4/19538-02:CDR
1314315v4

Peter Kristofer Strojnik, Esq.
**THE STROJNIK FIRM, L.L.C.**
January 30, 2015
Page 2

---

- Ms. Patterson aggressively pursued sexual relations with another male employee to the point of her behavior modeling that of a stalker. Ms. Patterson made many vulgar comments to a female employee about this male employee until Ms. Patterson sent the female employee a text message that Ms. Patterson was "officially going to stop per[su]ing [him]!!!" And, when the female employee asked what happened, Ms. Patterson responded: "Nothing at all.......!!!! That's my point." Ms. Patterson's actions were so severe and pervasive that the male employee submitted a sexual harassment complaint to the Company's acting human resource representative at that time, Amanda Fearon, and Ms. Patterson was counseled by Ms. Fearon not to engage in that type of behavior in the future. She also made comments to the male employee such as "I would like to introduce you to my vagina," and, after she finally was told that she was sexually harassing him she told him, "I have stopped trying to bang you."

- Ms. Patterson aggressively initiated and had a sexual relationship with another male employee, which went on for about a month before he terminated it.

- Ms. Patterson aggressively initiated a sexual encounter with a female employee and inappropriately touched the female employee on occasions when the female employee would drive her home from work.

- Ms. Patterson aggressively initiated a sexual encounter with another male employee that he repeatedly had to ignore before she finally stopped.

And, contrary to her allegations, Ms. Patterson, upon her own volition, sent nude photos of *herself* to Mr. Popo. She also inappropriately touched him on several occasions.

Ms. Patterson was ultimately separated from employment when she submitted her resignation to Amanda Fearon, Director of Operations, on or about December 27, 2014, after the Company received and informed her of a Yelp review of Black and Bleu which personally named Ms. Patterson as being "the rudest person I have ever come across."

> We are advocates of Stone and Vine, which we always enjoy, and have also tried Salt and Lime a couple of times and quite like it. Hence is why we thought we would finally give Balck [sic] and Bleu a try, even though we had heard nothing good about it to date. We like to give new place the benefit [sic] of the doubt that they are trying their best to make customers happy and would like for them to return. We stated this evening at Stone and Vine to celebrate an early Christmas with friends, then 4 of us thought we would have a nightcap at the fireplace outside at Black and Bleu. We were surprised that a few days before Christmas, this place was empty as the other restaurants in the plaza were jammed. We ordered a lovely bottle of red, and so far so good. The waitress returned to see we needed a second bottle, but they only had one of the wine we were drinking (she said that they only ever order two of these at a time?!). This is not a biggie, so we selected a different bottle and continued to chat.

Peter Kristofer Strojnik, Esq.
THE STROJNIK FIRM, L.L.C.
January 30, 2015
Page 3

> We were not quite finished, but close, when a gal we had not seen at all
> during the evening approached our table and VERY rudely said it was
> time to leave!  She didn't even want to give us the time to finish what we
> had left!  We are all very polite people, but were taken aback at her
> horridly rude and aggressive attitude, which came out of nowhere!  We
> asked for the manager, and lo and behold she was it . . . . really?  Anytime
> we said anything, such as the waitress never mentioned the restaurant was
> close to closing when we ordered the second bottle, she jumped down our
> throats that we had no place in complaining and that WE were the ones
> giving her grief!  REALLY!!!?  I can't tell you how many people I will
> tell to not go there, and of course we will never return!  Her name is Amy,
> and personally, I think Amy should not be in any position that deals with
> the public as her attitude is the rudest I have ever come across, and we are
> out app. 4 times a week, so that is saying a lot!
> Scottsdale has too many wonderful restaurants with wonderful people
> serving and managing them.  Go elsewhere!

Ms. Patterson was not constructively discharged.

## Legal Analysis

First, the Company rejects your claims regarding immigration and E-verify.

Second, Ms. Patterson will not be able to establish a claim of actionable sexual
harassment.  Mr. Popo denies the allegations that he ever touched Ms. Patterson inappropriately.
As shown above, no one corroborates Ms. Patterson's allegations of sexual advances towards her
by Mr. Popo.  In fact, our investigation revealed the exact opposite, that Ms. Patterson has a
history of sexually pursuing other employees and managers, having sexual relations with several
other employees, and having a sexual harassment complaint made *against her*.

Ms. Patterson's sexual harassment allegation would likely be considered a "hostile
environment" claim.[1]  "To make a prima facie case of a hostile work environment, a person
must show 'that: (1) she was subjected to verbal or physical conduct of a sexual nature, (2) this
conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the
conditions of the victim's employment and create an abusive working environment." *Fuller v.
City of Oakland*, 47 F.3d 1522, 1527 (9th Cir.1995).  Additionally, "[t]he working environment
must both subjectively and objectively be perceived as abusive." *Id.*  In a hostile environment
claim the Company can assert an affirmative defense demonstrating that it acted reasonably and
that Ms. Patterson acted unreasonably.  *Craig v. M&O Agencies, Inc.*, 496 F.3d 1047, 1054 (9th
Cir. 2007).

---

[1] Based on your own facts Ms. Patterson could not allege a *quid pro quo* claim as you allege that she was
continually promoted by the Company.

519210.4/19538-02:CDR
1314315v4

Peter Kristofer Strojnik, Esq.
**THE STROJNIK FIRM, L.L.C.**
January 30, 2015
Page 4

Ms. Patterson will be unable to prove a prima facie case of a hostile work environment claim. There is no evidence that she was subjected to verbal sexual or physical conduct by Mr. Popo. Second, Ms. Patterson will be hard pressed to prove that any alleged conduct was unwelcome when she herself inappropriately spoke to and touched Mr. Popo. "[W]hether an environment is "hostile" or "abusive" can be determined only by looking at all the circumstances." *Harris v. Forklift Systems, Inc.*, 114 S.Ct. 367, 371 (1993). And, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 788 (1998). Finally, she will not be able to prove that any alleged conduct was severe or pervasive enough to create an abusive working environment. A telling fact is that Ms. Patterson never complained to anyone about this alleged sexual harassment by Mr. Popo. Ms. Patterson was aware of the Company's Employee Handbook which included a Harassment Free Workplace policy and a Complaint Procedure. Further, she knew there was an avenue to complain to the Company about sexual harassment because she had been on the receiving end of a sexual harassment complaint by another employee. Yet, Ms. Patterson never complained to anyone about the alleged sexual harassment by Mr. Popo. Ms. Patterson "unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Chaloult v. Interstate Brands Corporation*, 540 F.3d 64, 74 (2008). Ms. Patterson's sexual harassment claim will be defeated.

Third, Ms. Patterson will not be able to establish a claim of intentional infliction of emotional distress. "Arizona law is clear that an employer is rarely liable for intentional infliction of emotional distress when one employee sexually harasses another. Liability for the employer typically attaches only when a company utterly fails to investigate or remedy the situation." *Craig v. M&O Agencies, Inc.*, 496 F.3d 1047, 1059-1060 (9th Cir. 2007). In this matter, Ms. Patterson failed to complain to the Company about the alleged harassment. Therefore, she will not be able to prove that the Company failed to investigate or remedy a situation about which Ms. Patterson never complained.

Fourth Ms. Patterson will not be able to establish a claim of battery or assault because Mr. Popo never inappropriately touched her.

In sum, based on the foregoing, Ms. Patterson's claims against the Company lack factual and legal merit. Should Ms. Patterson decide to pursue her false and spurious claims against the Company it intends to fully and vigorously defend against such claims. Further, be advised that the Company and Mr. Popo will take immediate action should you or your client proceed with publishing the defamatory statements you have set forth in your letter.

Based on the foregoing, your demand is rejected. If you wish to discuss the matters set forth herein further, please contact me.

Peter Kristofer Strojnik, Esq.
THE STROJNIK FIRM, L.L.C.
January 30, 2015
Page 5

---

Be   advised that effectively immediately Ms. Patterson and anyone subject to her direction and control must preserve evidence and is required to preserve, maintain and protect it in its present state from destruction, modification or alteration, any documents, data, software and other things that relate to the matters related to her employment and quit from the Company. The admonition and itemization provided by you in your January 12, 2015 letter are equally applicable to Ms. Patterson.

Sincerely,

Eddie A. Pantiliat

EAP:lnb

cc:    Mr. Joe Popo (via email)

EXHIBIT L

# THE STROJNIK FIRM LLC

### ATTORNEYS AT LAW

ESPLANADE CENTER III, 2415 EAST CAMELBACK ROAD, SUITE 700, PHOENIX, ARIZONA 85016

PHONE: 602.510.9409 | FAX: 602.916.0253 | WEBSITE: WWW.SKPLAW.COM

**February 1, 2015**

**RULE 408**
**SETTLEMENT COMMUNICATION**

Eddie Pantiliat, Esq.
Hymson, Goldstein & Pantiliat, PLLC
16427 North Scottsdale Road, Suite 300
Scottsdale, Arizona 85254

**VIA ELECTRONIC MAIL**

      Re:    Rule 408 Settlement Communication
              *Patterson adv. Two Fingers, LLC; Four Fingers, LLC; Six Fingers, LLC*

Dear Mr. Pantiliat:

    Please consider this correspondence an offer to resolve the sexual harassment claims. My client now offers $600,000.00 for full and final resolution. This offer will expire this Friday, February 6, 2015.

    I have reviewed your correspondence from Friday, which does not dissuade my client in the least. As an initial matter, you sent me a letter with page one missing, which causes me to not lend much credibility to the letter or your defense. My client is not dissuaded and therefore now increases her offer for several reasons.

    **First**, it is clear that you do not know the first thing about federal employment discrimination law. Based on your analysis, I am respectfully even more confident in this prosecution. Assuming it is true that Ms. Patterson sent Mr. Popo a naked photograph, which it is not, that does not give Popo the right to sexually assault her at the workplace. Assuming it is true that Ms. Patterson sexually harassed a fellow employee, which it is not, that does not give Popo the right to expose his penis to her. I particularly enjoyed your reference to quid pro quo. You respectfully misunderstand that concept entirely.

    **Second**, your correspondence assumes that we do not wish to prosecute a valid claim and wind up with nothing in the end. While that certainly will not be the case as I value this case at $1.3 million, you are dealing with two persons who are solvent and motivated. My client has found a new job, and my law firm is fortunate enough to take on

pro bono cases such as this one. Accordingly, win, lose or draw, we are in for the long haul.

In an e-mail you intimated that Ms. Patterson will be exposed. There is nothing to expose. But, Mr. Popo and his restaurants will be exposed.

- As we speak, my creative is working on the artwork for the standard-sized "Shame On" banner that will be placed in a public area in front of Stone & Vine once this week during happy hour times. The next week, it will be placed there on two days. The following week, three days. And so on. And when it becomes every day, I will ask my creative to print a new banner for Salt & Lime. And so on, and so on. You would be surprised at how inexpensive this is and how experienced I am at this.

- Please visit the website www.stoneandvinesexallegations.com. It would be unwise to file a countersuit against Ms. Patterson. It would only add salt to Mr. Popo's ultimate wounds.

- CBS 5 Investigates is currently reviewing the allegations.

- My client and I are meeting with the DOJ next week to discuss Stone & Vine's alleged hiring and harboring of undocumented workers.

- My client and I are meeting with Scottsdale police detectives the week of February 9, 2015.

So, my client is comfortable with exposure. She has nothing to hide. Please remind Mr. Popo that everything that is coming his way is of his own doing. He chose to sexually harass and assault my client. He chose to reject our generous offer.

*Third,* Mr. Popo hired a lawyer. A review of the Maricopa County Superior Court docket reveals that each time he was sued, he did not hire counsel and simply allowed for a judgment to be entered against him. In this case, he has hired a lawyer which shows (a) that he cares if this judgment is entered against him, and (b) that he wants to resolve it before there is exposure.

*Fourth,* your clients hired you. Respectfully, if they intended on vigorously defending this action, they would have hired Ogletree Deakins, Littler Mendelson, Quarles & Brady, Lewis & Roca, or Jones Skelton and Hochuli, who all have experienced employment defense litigation teams. I do not believe for a second that Mr. Popo intends on defending this action, although I welcome it. I see the retention of you and last week's letter as simply an attempt to negotiate. We will not play along.

*Fifth,* your clients are not insured, which means that they will be paying you out of pocket.

PHOENIX | SAN FRANCISCO

*Sixth*, all of your factual claims are false. For example, had you truly believed your clients actually had a sexual harassment policy applicable to Ms. Patterson, you would have sent me the policy or employee handbook.

*Seventh*, several witnesses are coming out of the woodwork. Past consultants, past employees, past victims. I anticipate even more now with the opening of the website www.stoneandvinesexallegations.com.

Our revised offer is open until Friday. During the interim, we are moving forward with the prosecution. Your clients are free to test our resolve, but they will be disappointed.

Very Truly Yours,

The Strojnik Firm L.L.C.

Peter Kristofer Strojnik

HYMSON GOLDSTEIN & PANTILIAT, PLLC
ATTORNEYS, MEDIATORS & COUNSELORS

16427 N. SCOTTSDALE RD., SUITE 300 | SCOTTSDALE, AZ 85254
480.991.9077 | 480.443.8854 FAX | WWW.LEGALCOUNSELORS.COM

*Our Business is Your Peace of Mind* ®

<div align="right">

From the Desk of
Eddie A. Pantiliat
EAP@hgplaw.com

</div>

February 2, 2015


VIA EMAIL: strojnik@skplaw.com
AND U.S. MAIL

Peter Kristofer Strojnik, Esq.
THE STROJNIK FIRM, L.L.C.
Esplanade Center III
2415 E. Camelback Rd., Suite 700
Phoenix, Arizona 85016

      Re:    Popo, *et al.* adv. Patterson

Dear Mr. Strojnik:

      We have reviewed your February 1, 2015, letter in which you state that you have created a website: www.stoneandvinesexallegations.com. Through this website you and your client, Amy Patterson, have published defamatory statements about Joseph Popo and Stone and Vine Urban Italian. You have also threatened to display a "Shame On" banner at Stone and Vine's location. We send this letter with a demand that you and Ms. Patterson immediately take down your defamatory website and do not display a "Shame On" banner anywhere near any of Mr. Popo's businesses.

      Joseph Popo and his restaurant, Stone and Vine Urban Italian, are well respected in the community. Ms. Patterson has made unfounded allegations of sexual harassment against Mr. Popo. Your website is filled with false and misleading statements, some of which are:

      1.    A main tab is "Lawsuit Progress" and there is no lawsuit on file and none can be filed until after Ms. Patterson receives her Notice of Right to Sue from the EEOC.

      2.    The website includes numerous false statements that Mr. Popo "sexually preyed on her," "shaved penis at work to her, touching her breasts, forcibly French kissing her, sending her sexual text messages, and repeatedly asking her to join him in a threesome with Amanda Fearon."

      3.    The website includes the false statement that Mr. Popo is "having a sexual affair with Amanda Fearon."

Peter Kristofer Strojnik, Esq.
**THE STROJNIK FIRM, L.L.C.**
February 2, 2015
Page 2

---

4.     And, you even go so far as to include your "Rule 408" demand letter under your "Sexual Harassment Law" tab which includes much of the same and more inflammatory and false statements such as Mr. Popo allegedly "grabbing" Ms. Patterson and "sticking his tongue down her throat, rub[ing] his penis from the outside while speaking with her," etc.

Your untrue, baseless and defamatory statements about Mr. Popo have denigrated his honesty and integrity and have negatively impacted his reputation and his business. Your actions equate to the torts of defamation, injurious falsehood, false light and interference with business expectancies subjecting yourself and Ms. Patterson to liability. *Turner v. Devlin*, 174 Ariz. 201, 204, 848 P.2d 286, 289 (Ariz., 1993) *citing Godbehere v. Phoenix Newspapers, Inc.,* 162 Ariz. 335, 341, 783 P.2d 781, 787 (1989); *Pre-Fit Door, Inc. v. Dor-Ways, Inc.*, 13 Ariz.App. 438, 477 P.2d 557 (Ct. App. 1970).

Defamation is defined as follows:

ONE WHO PUBLISHES A FALSE AND DEFAMATORY COMMUNICATION CONCERNING A PRIVATE PERSON, OR CONCERNING A PUBLIC OFFICIAL OR A PUBLIC FIGURE IN RELATION TO A PRIVATE MATTER, IS SUBJECT TO LIABILITY, IF, BUT ONLY IF, HE
(a) KNOWS THAT THE STATEMENT IS FALSE AND THAT IT DEFAMES THE OTHER,
(b) ACTS IN RECKLESS DISREGARD OF THESE MATTERS, OR
(c) ACTS NEGLIGENTLY IN FAILING TO ASCERTAIN THEM.'

*Peagler v. Phoenix Newspapers, Inc.*, 114 Ariz. 309, 315, 560 P.2d 1216, 1222 (1977). "To be defamatory, a publication must be false and must bring the defamed person into disrepute, contempt, or ridicule, or must impeach plaintiff's honesty, integrity, virtue, or reputation." *Turner v. Devlin*, 174 Ariz. 201, 204, 848 P.2d 286, 289 (Ariz. 1993), *citing Godbehere v. Phoenix Newspapers, Inc.,* 162 Ariz. 335, 341, 783 P.2d 781, 787 (1989). Your statements amount to defamation. The statements are false and they impeach Joseph Popo's honesty, integrity, virtue and reputation.

You may also be liable under an injurious falsehood claim. "[I]njurious falsehood is the publication of matter derogatory to the plaintiff's business which is calculated to prevent others from dealing with him." *Aldabbagh v. Arizona Dept. of Liquor Licenses and Control*, 162 Ariz. 415, 421, 783 P.2d 1207, 1213 (Ariz.App.,1989) *citing Western Technologies, Inc. v. Sverdrup & Parcel, Inc.,* 154 Ariz. 1, 4, 739 P.2d 1318, 1321 (App.1987).

*Restatement (Second) of Torts* § 623A provides as follows:

Peter Kristofer Strojnik, Esq.
THE STROJNIK FIRM, L.L.C.
February 2, 2015
Page 3

One who publishes a false statement harmful to the interests of another is subject
to liability for pecuniary loss resulting to the other if
(a) he intends for publication of the statement to result in harm to interests of the
other having a pecuniary value, or either recognizes or should recognize that it is
likely to do so, and
(b) he knows that the statement is false or acts in reckless disregard of its truth or
falsity.

You published derogatory statements about Joseph Popo where you intended to prevent
others from dealing with him and his business. Thus, a court may find you liable under the
injurious falsehood claim.

You may also be liable to Joseph Popo under a claim of false light. According to the
*Restatement (Second) of Torts* § 652E:

One who gives publicity to a matter concerning another that places the other
before the public in a false light is subject to liability to the other for invasion of
his privacy, if
(a) the false light in which the other was placed would be highly offensive to a
reasonable person, and
(b) the actor had knowledge of or acted in reckless disregard as to the falsity of
the publicized matter and the false light in which the other would be placed.

Your derogatory statements about Joseph Popo placed him in a false light. These
statements would be highly offensive to a reasonable person in the community. In addition, you
had knowledge of the falsity or acted in reckless disregard for your actions when making the
statements against Joseph Popo.

Joseph Popo also has a claim for tortious interference with business expectancies against
you and Ms. Patterson. Arizona courts follow the *Restatement of Torts* § 766, which defines
liability for intentional interference with business expectancies. A person commits that tort when
". . . without a privilege to do so, [the person] induces or otherwise purposely causes a third
person not to . . . enter into or continue a business relation with another . . ." The tort-feasor is
liable ". . . for the harm caused thereby." The business relation need not be previously
established in order for a plaintiff to maintain a cause of action for interference with business
expectancy so long as the plaintiff had a reasonable expectation of doing business with a
particular customer. A defendant commits the tort if the plaintiff's customers are diverted from
plaintiff or people with whom the plaintiff wished to deal are kept away.

Peter Kristofer Strojnik, Esq.
**THE STROJNIK FIRM, L.L.C.**
February 2, 2015
Page 4

---

Joseph Popo's business relies on the community's perception of him and his business as having integrity and that values the people of his community. Any person that reads the defamatory website will most likely not patronize Ms. Popo's business due to your negative portrayal of him. Your actions have and are damaging Joseph Popo's business monetarily. **You should be aware that false statements about a person's business, trade, or professional conduct, are defamatory *per se*-actionable without proof of actual damages. In other words, damages are presumed by your actions. In addition, your actions may have exposed you to punitive damages as well.**

Your actions further demonstrate that you are trying to prejudice the public with your false statements which is a violation of *Arizona Ethics Rule* 3.6[1] and also *Ethics Rule* 8.4(c)[2].

Your letter also makes no sense. You demand payment of $600,000.00, which offer expires on February 6, 2015, and in the meantime, you are creating defamatory websites and banners. Your actions do not facilitate settlement but rather only deter it.

Joseph Popo demands that you immediately take down the defamatory website, www.stoneandvinesexallegations.com and do not display any "Shame On" banners anywhere near Mr. Popo's businesses. Please confirm in writing **by close of business tomorrow** that you will honor this demand or Mr. Popo will seek court intervention and will seek actual and punitive damages for the defamatory statements.

Sincerely,

Eddie A. Pantiliat

EAP:lnb

cc:    Mr. Joe Popo (via email)

---

[1] *E.R.* 3.6(a) provides: "A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter."

[2] *E.R.* 8.4(c) provides: "It is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . ."

512020.1/19538-02:CDR
1315849v1