Eddie A. Pantiliat (State Bar No. 015231)
**HYMSON GOLDSTEIN & PANTILIAT, PLLC**
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona  85254
Telephone:  480- 991-9077
minute@legalcounselors.com

Jason R. Mullis (State Bar No. 024289)
jmullis@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
2525 E. Camelback Road, Suite 450
Phoenix, Arizona 85016-4210
Phone: 602-441-1300 ♦ Fax 602-441-1350

*Attorneys for Two Fingers, LLC dba Stone and Vine Urban*
*Italian Restaurant, Four Fingers, LLC dba Salt & Lime Modern*
*Mexican Grill, Six Fingers, LLC dba Black & Bleu Restaurant,*
*and Joseph M. Popo and Gabriella Popo*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| AMY PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>TWO FINGERS, LLC, an Arizona corporation dba Stone and Vine Urban Italian Restaurant; FOUR FINGERS, LLC, an Arizona corporation dba Salt & Lime Modern Mexican Grill; SIX FINGERS, LLC, an Arizona corporation dba Black & Bleu Restaurant; JOSEPH M. POPO and GABRIELLA POPO,<br><br>Defendants. | Case No. 2:15-cv-00494-NVW<br><br>**DEFENDANTS TWO FINGERS, LLC, FOUR FINGERS, LLC, SIX FINGERS, LLC, AND JOSEPH M. POPO AND GABRIELLA POPO'S MOTION TO DISQUALIFY PETER K. STROJNIK AND THE STROJNIK FIRM AS COUNSEL FOR PLAINTIFF**<br><br>The Hon. Neil V. Wake |
| TWO FINGERS, LLC, an Arizona corporation dba Stone and Vine Urban Italian Restaurant; FOUR FINGERS, LLC, an Arizona corporation dba Salt & Lime Modern Mexican Grill; SIX FINGERS, LLC, an Arizona corporation dba Black & Bleu Restaurant; JOSEPH M. POPO and GABRIELLA POPO,<br><br>Counterclaimants, | |

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

v.

AMY PATTERSON,

        Counterdefendant.

TWO FINGERS, LLC, an Arizona corporation dba Stone and Vine Urban Italian Restaurant; FOUR FINGERS, LLC, an Arizona corporation dba Salt & Lime Modern Mexican Grill; SIX FINGERS, LLC, an Arizona corporation dba Black & Bleu Restaurant; JOSEPH M. POPO and GABRIELLA POPO,

        Third-Party Plaintiff,

PETER K. STROJNIK and THE STROJNIK FIRM L.L.C.,

        Third-Party Defendants.

Defendants Two Fingers, LLC, Four Fingers, LLC, Six Fingers, LLC and Joseph M. Popo, by and through undersigned counsel, moves for disqualification of Peter K. Strojnik and The Strojnik Firm, L.L.C. (collectively "Strojnik") due to Strojnik's malicious conduct in the pre-litigation process, resulting in a multitude of ethical violations under the Arizona Rules of Professional Conduct and Strojnik becoming a necessary witness to establish Plaintiffs' causes of action against Defendants, as well as Defendants' counter-claims and third-party claims against Plaintiff and Strojnik, respectively. As reflected by the public backlash against Strojnik's efforts to gain publicity for himself, Strojnik actions bring the entire legal profession into disrepute, undermine the public's confidence in lawyers as officer's of the legal system, and ultimately result in a disservice to the client Strojnik purports to represent.

While disqualification is generally disfavored and considered a drastic measure, Strojnik's actions have obviated the appropriateness of lessor sanctions as even the most stringent protective order prohibiting extrajudicial statements cannot unring the bell. Due process requires that Defendants be permitted to refute these baseless claims by placing the perpetrator of the extortionist scheme on the stand instead of allowing Strojnik to hide behind the guise of "advocate." The legal profession is self-governing, with "ultimate authority over the legal profession vested largely in the courts." *See Preamble to the Arizona Rules of*

1  *Professional Conduct.*

2       For the reasons set forth herein, Defendants respectfully request that the Court exercise

3  control of these proceedings by disqualifying Strojnik from serving as both advocate and

4  witness. This Motion to Disqualify Strojnik and The Strojnik Firm are supported by the

5  following Memorandum of Points and Authorities, Defendants' Application for Temporary

6  Restraining Order and Preliminary Injunction and supporting Declaration of Joseph M. Popo

7  filed concurrently herewith, and the entire record before this Court.

8       **MEMORANDUM OF POINTS AND AUTHORITIES**

9  **I.**    **BACKGROUND**

10       Plaintiff Patterson was employed as a server, and later manager, by Two Fingers, LLC,

11  however, Defendant Patterson provided services to Four Fingers, LLC and Six Fingers, LLC,

12  albeit on a limited basis. *Affidavit of Joseph M. Popo*, attached hereto as Exhibit "A."

13  Plaintiff Patterson resigned her position in December of 2014, and upon being terminated

14  immediately instead of being permitted to continue working for two additional weeks,

15  determined to exact retribution against those who had "underestimated her." *See Patterson's*

16  *Facebook Posts*, attached hereto as Exhibit "B." Patterson found a more than willing

17  compatriot in Peter Strojnik, who utilized every conceivable method available to pressure and

18  coerce Defendants into buying their silence. Such efforts included, but are not limited to:

19      a)    Threatening to disclose alleged and unsubstantiated affairs to Popo's wife[1];

20      b)    Threatening to issue "monthly press releases targeting the Phoenix area"[2];

21      c)    Threatening to seek $1,300,000 in damages unless Popo agreed to pay Patterson

22  and Strojnik $500,000;

23      d)    Threatening to report Defendants to the "U.S. Department of Homeland

24  Security, U.S. Citizenship and Immigration Services, and Federal Bureau of Investigations[3];

25  _____

26      [1] See Demand Letter, page 1, attached hereto as Exhibit "C."

27      [2] See Demand Letter, page 7, attached hereto as Exhibit "C."

28      [3] See Demand Letter, page 3, attached hereto as Exhibit "C."

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

1    and

2          e)        Threatening to report "Mr. Popo's actions to the Phoenix Police Department

3    with the request for criminal felony battery and assault charges, and reporting all three LLC's

4    to the Department of Homeland Security and Federal Bureau of Investigations for their

5    suspected hiring and employment of illegal foreign workers"[4].

6          When it became apparent that Defendants would be unwilling to capitulate to their

7    threats, Strojnik embarked on a course of action intending to "destroy these restaurants,"

8    "ensure he [Popo] is punished beyond all comprehension," and "ensure that Mr. Popo and his

9    restaurants are punished mercilessly in a court of law." See *Correspondence*, attached hereto

10   as Exhibit "D"; and *Website Snapshots*, attached hereto as Exhibit "E."  To such ends,

11   Strojnik sought to publicize the uncorroborated allegations through the following mediums:

12         a)        Creating the website www.stoneandvinesexallegations.com[5];

13         b)        Posting comments on social media websites such as Facebook[6], LinkedIn and

14   the Dirty[7];

15         c)        Contacting CBS 5 to publicize the allegations to the public at large[8];

16         d)        Posting flyers at Defendants' principle place of business[9];

17         e)        Attempting to have Defendants evicted from their premises by harassing

18   Defendants' landlord[10]; and

19         f)        Attempting to disparage Defendants' attorney, Ed Pantiliat, by posting his

20

21   _____

22         [4] See Demand Letter, page 8, attached hereto as Exhibit "C."

         [5] See *Website Snapshots*, attached hereto as Exhibit "E."

23
         [6] See *Facebook Posts*, attached hereto as Exhibit "F."

24       [7] See *Website Snapshots from* www.thedirty.com/local/scottsdale-1/shame-

25   stone-vine-urbn-italian-restaurant/; attached hereto as Exhibit "G."

26       [8] See Correspondence from Strojnik to CBS 5, attached hereto as Exhibit "H."

27       [9] See Flyer, attached hereto as Exhibit "I."

28       [10] See Correspondence from Strojnik, attached hereto as Exhibit "J."

WOOD SMITH HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

1  picture on his website under the tagline "Shame On."[11]

2      With respect to Defendants' landlord, Strojnik makes statements such as "our beef is

3  with SV and this sick man Popo not your client," "I don't really see any negative impact to

4  9400 considering that's some prime real estate that can be re-filled with another lessee quite

5  quickly," and "I am very sure 9400 would be much more concerned about leasing to a

6  company that is alleged to be violating federal immigration law verse some little 'ole fliers,

7  and that your client certainly does not wish to aid or abet such activity."[12]  Defendants'

8  landlord was concerned with not only the impact Plaintiff's, Strojnik's and Strojnik Firm's

9  conduct would have upon Defendants, but the businesses of other tenants at the shopping

10  center as well, issuing a cease and desist letter to Strojnik[13]

11      Strojnik, unapologetic for his action, has stated as follows:

12  "as we speak, my creative is working on the artwork for the standard-sized
    "Shame On" banner that will be placed in a public area in front of Stone and
13  Vine once this week during happy hour times.  The next week, it will be placed
    there two days.  The following week, three days.  And so on.  And when it
14  becomes every day, I will ask my creative to print a new banner for Salt &
    Lime.  And so on, and so on. **You will be surprised at how inexpensive this is**
15  **and how experienced I am at this**."[14][emphasis ad ed]

16      Such comments demonstrate emphatically that Strojnik and Strojnik lacked any

17  remorse for their conduct and knew precisely what consequences their extrajudicial

18  statements would create.  It is within this context that Strojnik's and Strojnik Firm's posts on

19  "The Dirty" could not have been construed to have been made with any intent other than to

20  sensationalize the allegations, elicit distasteful responses, embarrass, harass or otherwise

21  damage Defendants' reputations.  Indeed, Strojnik himself had previously been targeted by

22  anonymous posters on this website, explaining his comment that "this website seems to be an

23  effective tool when used appropriately, which is why I post here.  Please see website

24

25  [11] See *Website Snapshots*, attached hereto as Exhibit "E."

26  [12] See Correspondence from Strojnik, attached hereto as Exhibit "J."

27  [13] See Cease and Desist Letter, attached hereto as Exhibit "K."

28  [14] See Correspondence from Strojnik, attached hereto as Exhibit "L."

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

stoneandvinesexallegations for more information..."[15] Unfortunately, once comments are solicited from the public at large, one cannot control the nature of the responses received. The public backlash Strojnik and Strojnik Firm intended to create against Defendants backfired and anonymous posters, the identities unknown to Defendants, lashed out in a manner, although admittedly deplorable, consistent with language of posters on the website generally.

Strojnik and the Strojnik Firm failed to appreciate that visitors and posters are over overwhelmingly male harboring derogatory opinions and/or increased bravado as a result of their anonymity. Despite her attorney's oversight and ill conceived strategy, Plaintiff seeks to hold Defendants responsible for the comments of others and has asserted a cause of action for defamation against Defendants arising out of such posts. To refute these allegations, Defendants have the right to call the author of the original post and creator of the accompanying website, Strojnik and the Strojnik firm, to testify at trial regarding the intended purpose of the post, knowledge of the website prior to posting, and potential source of the allegedly defamatory posts. Additionally, given the prior action of Plaintiff's counsel in this matter, Defendants cannot rule out that Strojnik and/or Plaintiff was the source of the comments in question as they would increase visibility. To use Plaintiff's own words, the extent to which Plaintiff may go to prosecute this claim should not be "underestimated."

## II.   THE COURT HAS AUTHORITY TO DISQUALIFY STROJNIK AND THE STROJNIK FIRM.

The authority of a trial court "to disqualify an attorney derives from the power inherent in every court to control in furtherance of justice the conduct of its ministerial officers.'" *People ex re. Dep. of Corporations v. SpeeDee Oil Change Systems, Inc.,* 20 Cal.4th 1135, 1145, 980 P.2d 371 (1999); see also, *Teleprompter of Erie, Inc. v. City of Erie,* 573 F.Supp. 963, 966 (W.D. Pa. 1983) ("it is the duty of the Court to supervise the professional conduct of the attorneys appearing before it"). The Court may disqualify an attorney from representing a

---

[15] See *Website Snapshots,* attached hereto as Exhibit "M."

WOOD SMITH HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

1  particular client in order to preserve the integrity of its judgment and maintain public

2  confidence in the integrity of the bar. *Coles v. Arizona Charlie's,* 973 F.Supp. 971, 973 (D.

3  Nev. 1997).

4       Under the Model Rules of Professional Conduct, opposing counsel has an independent

5  obligation to bring to the attention of the court "facts justifying disqualification of counsel, "

6  even if opposing counsel does not represent the aggrieved client. *United States v. Clarkson,*

7  567 F.2d 270, 271 n. 1 (4th Cir.1977). See also *Brown & Williamson Tobacco Corp. v. Daniel*

8  *International Corp.*, 563 F.2d 671, 673 (5th Cir.1977) ("Appellant has standing to seek

9  disqualification even though it is not an aggrieved client because its attorneys are authorized

10 to report any ethical violations in the case."); *In re Gopman*, 531 F.2d 262, 265 (5th Cir.1976)

11 ("When an attorney discovers a possible ethical violation concerning a matter before a court,

12 he is not only authorized but is in fact obligated to bring the problem to that court's

13 attention.").  The Arizona Rules of Professional Conduct impose similar obligations.  Rule

14 8.3(a) provides that "a lawyer who knows that another lawyer has committed a violation of the

15 Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty,

16 trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate

17 professional authority[16].

18       Strojnik's and Strojnik Firm's systematic attempts to threaten criminal prosecution,

19 harass, embarrass and prejudice this litigation, as discussed in detail above, violate a number

20 of the Rules of Professional Conduct, including but not limited to, Rule 8.4(d) (provides that a

21 it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the

22 administration of justice), Rule 8.4(c) (a lawyer may not state or imply an ability to influence

23 improperly a governmental agency or official to achieve results by means that would violate

24 the Rule of Professional Conduct or other law), Rule 3.6 (a lawyer who is participating or has

25 participated in the investigation or litigation of a matter shall not make extrajudicial statements

26 _____

27 [16] The District Court of Arizona has adopted the Rules of Professional
    Conduct approved by the Supreme Court of the State of Arizona. *See Corp. Techs.,*

28 *Inc. v. Hewlett-Packard Co.*, 936 F.Supp. 697, 700 (D. Ariz. 1996).

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter), Rules 4.4 (a) (a lawyer shall not use means that have no substantial purpose other than to embarrass, delay or burden any other person), and 8.4(b) (prohibition against a lawyer committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[17]).

## III.  THE COURT SHOULD EXERCISE ITS DISCRETION TO DISQUALIFY STROJNIK AND THE STROJNIK FIRM ON THE BASIS OF IMPROPRIETY.

The appearance of impropriety, while not requiring disqualification, is sufficient to disqualify an attorney.  See *Gomez v. Superior Court*, 717 P.2d 902, 904 (Ariz. 1986) ("It would appear, however, that 'appearance of impropriety', however weakened by case law and its omission in the new Rules of Professional Conduct, survives as a part of conflict of interest and an appearance of impropriety should be enough to cause an attorney to closely scrutinize his conduct"); *Villalpando v. Reagan*, 121 P.3d 172, 177 (Ariz. Ct. App. 2005); *Amparano v. ASARCO, Inc.*, 93 P.3d 1086, 1094 (Ariz. Ct. App. 2004); *Turbin v. Superior Court*, 797 P.2d 734, 738 (Ariz. Ct. App. 1990) ("We hold today that the appearance of impropriety ... still has a definite place in the balancing test the trial court must apply in resolving the question of disqualification.").  When considering a motion for disqualification based upon the appearance of impropriety, the Court should consider the following: (1) whether the motion is being made for the purposes of harassing, (2) whether the party bringing the motion will be damaged in some way if the motion is not granted, (3) whether there are any alternative solutions, or is the proposed solution the least damaging possible under the circumstances, and (4) whether the possibility of public suspicion will outweigh any benefits that might accrue due to continued representation.  *Gomez v. Superior Court*, 149 Ariz. at 225, 717 P.2d at 904.

Here, it would be disingenuous for Plaintiff, Strojnik and/or the Strojnik Firm to

---

[17] See A.R.S. § 13-1804(a)(5) (a person is guilty of theft by extortion by knowingly seeking to obtain property by threating to accuse anyone of a crime or bringing criminal charges)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

contend that this Motion is being advanced for the purpose of harassment. Immediately upon becoming aware of the picketing, flyers, creation of a website, and threats of criminal prosecution, Defendants asked that such conduct be discontinued. Despite such protestations, the offensive conduct has persisted, leaving Defendants the only option of seeking disqualificaiton. Defendants will be significantly prejudiced if this Motion is not granted due to Strojnik interjeting himself into the litigation and making himself a witness for both Plaintiff's direct causes of action against Defendants, as well as Defendants' causes of action against Plaintiff, Strojnik and the Strojnik Firm. An alternative approach, such as an injunction prohibiting Strojnik and the Strojnik firm from making extrajudicial statements to the public, may have been a viable solution had the posts from Strojnik not resulted in the factual basis for the parties' respective defamation claims. However, the clock cannot be turned back and Plaintiff should not be required to elect between dropping her defamation claim or her attorney. The very fact this hobson's choice is being presented, underscores the conflict of interest that has been created and lack of any benefit resulting from permitting Strojnik and the Strojnik Firm to continue representation of Patterson.

## IV. DISQUALIFICATION IS APPROPRIATE BECAUSE STROJNIK AND THE STROJNIK FIRM ARE TESTIFYING WITNESSES.

Besides the conflict of interest and the appearance of impropriety that exists with Strojnik's and the Strojnik Firm's representation of Patterson, the fact that Strojnik will be called as a trial witness is an independent ground for disqualification. The question before this Court is two dimensional: one in evidence, the other in ethics. *Cottonwood Estates, Inc. v. Paradise Builders, Inc.*, 128 Ariz. 99, 102-04, 624 P.2d 296, 299-301 (1981). The law of evidence provides that as a basic premise the admission of testimony falls within the sound discretion of the trial judge. *Id.*; citing *Rimondi v. Briggs*, 124 Ariz. 561, 606 P.2d 412 (1980). It is the trial judge who decides if otherwise relevant evidence should not be admitted because of its prejudicial effect. *Id.*; Ariz.R.Evid. 403. The attorney may be disqualified not because his testimony is incompetent but because of the dangers and prejudice inherent in the practice. *Id.*; see *French v. Hall*, 119 U.S. 152, 7 S.Ct. 170, 30 L.Ed. 375 (1886); *Erwin M. Jennings*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

*Co. v. DiGenova*, 107 Conn. 491, 141 A. 866 (1928). It is generally considered a serious breach of professional etiquette and detrimental to the orderly administration of justice for an attorney to take the stand in a case he is trying. *Id.*; *citing Bank of America v. Saville*, 416 F.2d 265 (7th Cir. 1969), cert. denied, 396 U.S. 1038, 90 S.Ct. 685, 24 L.Ed.2d 682 (1970); *Lau Ah Yew v. Dulles*, 257 F.2d 744 (9th Cir. 1958); Kaeser v. Bloomer, 85 Conn. 209, 82 A. 112 (1912).

Like any witness, the attorney is subject to cross-examination on any relevant matter, including the professional and financial interest in the outcome of the litigation, and impeachment by the usual methods of demonstrating bias or prejudice. *Id.* at 103; citing Ariz.R.Evid. 607 and 611; *Gonzales v. City of Tucson*, 124 Ariz. 450, 604 P.2d 1161 (App.1979). When an attorney persists in acting both as witness and advocate, ordinary procedural safeguards designed to give the parties a full and fair hearing become problematic. *Id.* The familiar mechanics of question-and-answer interrogation become impossible. *Id.* The rule excluding witnesses from the courtroom may be invoked, yet the advocate-witness obviously must be allowed to remain. *Id.* The advocate who testifies places himself in the position of being able to argue his own credibility. *Id.* The adversary system works best when the roles of the judge, of the attorneys, and of the witnesses are clearly defined. *Id.* Any mixing of those roles inevitably diminishes the effectiveness of the entire system. *Id.*; citing *Inglett & Co. v. Everglades Fertilizer Co.*, 255 F.2d 342 (5th Cir. 1958). The practice not only raises the appearance of impropriety, but also disrupts the normal balance of judicial machinery. *Id.* If it becomes clear an attorney ought to testify, and if the situation in justice to his client permits, an attorney should withdraw and leave the trial to other counsel. *Id.* at 104.

The impropriety resulting from permitting an attorney to serve as both advocate and witness forces the attorney to decide whether his testimony or his advocacy is more valuable to his client. However, when the testimony concerns the primary issues in his/her adversary's case, such as Defendants' Counterclaims and Third-Party claims for defamation, interference with business relationships, intentional infliction of emotional distress, etc., the balance tips

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

sharply in favor of disqualification, as aptly summarized by the 9th Circuit:

> "when…the proposed testimony is germane to his adversary's case, the balance of hardships is no longer in equilibrium. Instead of merely mitigating the hardship to his client's cause, the attorney may wish to deprive an adversary of the benefits of his testimony by electing to appear as an advocate and not a witness…**This cannot be**. The advocate-witness rule is aimed at protecting the integrity of the fact finding process, not at distorting the process itself…Surely the reasoning behind the advocate-witness rule does not contemplate that a material witness will be able to exempt himself from the rigors of the fact-finding process by electing to proceed as an advocate." *See United States v. Prantil*, 764 F.2d 548, 553 (9th Cir. 1985). [emphasis added]

Strojnik and the Strojnik Firm were provided warnings and issued cease and desist letters at every step in the process, however, out of a misguided perception of justice or desire to make himself part of the narrative, Strojnik and the Strojnik Firm have crossed lines they cannot walk back from.

## IV.    CONCLUSION.

The adversary system only works where the roles of the attorneys, judge and witnesses are clearly defined and mixing of these roles diminishes the effectiveness, reputation and legitimacy of the legal system. Permitting Strojnik to create the narrative of this case, and the ultimate basis for the defamation claims asserted by both litigants, necessarily prohibits Strojnik and the Strojnik Firm from taking a seat at counsel's table. Strojnik's and the Strojnik Firm's proper seat is at the witness stand where he may provide the factual basis for the jury to consider in reaching its verdict. Perhaps most importantly, a lawyer, as an officer and representative of the court, is held to a higher standard. A lawyer is required to use the law's procedures for legitimate purposes, not to harass, intimidate, blackmail and extort.

Strojnik's targeted, malicious and personal attacks upon Defendants and Defendants' counsel demonstrate an utter lack of respect for the legal system and those Strojnik purports to call his colleagues. Put succinctly, our legal profession deserves better, Defendants deserve better, and despite Defendants' categorical denial of the allegations asserted in this matter, Patterson deserves better. For the reasons set forth herein, Defendants respectfully request that Strojnik and the Strojnik Firm be disqualified as counsel in this matter.

/ / /

LEGAL:10453-0075/4305898.1

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

RESPECTFULLY SUBMITTED this ___ day of March, 2015.

HYMSON GOLDSTEIN & PANTILIAT, PLLC

By: _____
EDDIE A. PANTILIAT

*Attorneys for Defendants Two Fingers, LLC
dba Stone and Vine Urban Italian Restaurant,
Four Fingers, LLC dba Salt & Lime Modern
Mexican Grill, Six Fingers, LLC dba Black &
Bleu Restaurant, and Joseph M. Popo and
Gabriella Popo*

WOOD, SMITH, HENNING & BERMAN LLP

By: _____
JASON R. MULLIS

*Attorneys for Defendants Two Fingers, LLC
dba Stone and Vine Urban Italian Restaurant,
Four Fingers, LLC dba Salt & Lime Modern
Mexican Grill, Six Fingers, LLC dba Black &
Bleu Restaurant, and Joseph M. Popo and
Gabriella Popo*

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of March, 2015, the foregoing document entitled, **DEFENDANTS TWO FINGERS, LLC, FOUR FINGERS, LLC, SIX FINGERS, LLC, AND JOSEPH M. POPO AND GABRIELLA POPO'S MOTION TO DISQUALIFY PETER K. STROJNIK AND THE STROJNIK FIRM AS COUNSEL FOR PLAINTIFF** was e-filed and served via electronic service through the United States District Court for the District of Arizona's ECF System and to the following ECF registrants:

Peter K. Strojnik
THE STROJNIK FIRM L.L.C.
Esplanade Center III
2415 East Camelback Road, Suite 700
Phoenix, AZ 85016

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

1  Eddie A. Pantiliat
   HYMSON GOLDSTEIN & PANTILIAT, PLLC
2  16427 N. Scottsdale Road, Suite 300
   Scottsdale, Arizona  85254
3

4

5  _____
   Susan Montalvo
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350