**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Patterson,<br><br>                Plaintiff,<br><br>v.<br><br>Two Fingers LLC, et al.,<br><br>                Defendants. | No. CV-15-00494-PHX-NVW<br><br>**ORDER** |

Before the court is Defendants' Motion to Strike Portions of Plaintiff Amy Patterson's Complaint (Doc. 12). For the following reasons, the Motion will be granted in part and denied in part.

**I.     BACKGROUND**

Plaintiff alleges that sometime in late 2013, Defendant Joseph Popo, the "managing member" of three restaurants at which Plaintiff worked, began engaging in "systematic and continuous sexual harassment of Plaintiff." (Doc. 1 at 2, 4.) According to the Complaint, Popo also "repeatedly and aggressively treated her in a derogatory manner" by "using swear words toward Plaintiff" and "yelling" at her. (*Id.* at 7.) Despite repeated requests to desist, Popo allegedly refused to do so. (*Id.* at 6.) Plaintiff alleges the abuse and harassment became so severe that she eventually quit working for Defendants in December 2014. (*Id.* at 5-6.) She then filed this suit, which charges Popo

and the three restaurants he manages with Title VII sexual harassment, intentional infliction of emotional distress, battery, assault, and defamation. (*Id.* at 10-13.)

Two weeks later, Defendants filed a Counterclaim and Third-Party Complaint against Plaintiff and her attorney, Peter K. Strojnik, seeking damages and injunctive relief on ten causes of action, including business disparagement, wrongful interference with business relationships, libel per se, and trade libel. (Doc. 8.) The fine details of Defendants' allegations are not important to the pending Motion. In sum, Defendants allege that Plaintiff welcomed and reciprocated Popo's sexual advances, that she resigned in December 2014 because a customer had complained about her on Yelp, and that she and Strojnik subsequently "conspired with one another to extort money from Popo by threatening the disclosure of work related communications, potential criminal activity, and alleged affairs to the public at large." (Doc. 8 at 4-6.)

Plaintiff's defamation cause of action and one of her intentional infliction of emotional distress causes of action are grounded in the following allegations in her Complaint:

> 40. During the pre-litigation to this matter, in an effort to warn other women of the alleged predatory nature of Popo, Plaintiff distributed flyers advising of the allegations in this matter. Only a few hours after the flyers were distributed, Popo and the corporate Defendants directly or indirectly published the following defamatory statements about Plaintiff on a public forum called thedirty.com:
> 41. Statement No. 1: A person who calls himself "Amypattersonisawhore" defamed Plaintiff as follows: "This girl Amy Patterson is such a whore. Everyone knows she fucks anything and everything, she sends nude photos to everyone. I'll have to dig some out, Amy. I still have them. I heard you filed this BS. . . Nice try looking for a payday but everyone in Scottsdale knows you're a lying whore. Stop spreading your STDs while you are at it. There's enough herpes and genital warts. Thank God the one you gave me was curable. GTFO here. Everyone is laughing at your fake shit."
> 42. Statement No. 2: A person who calls himself "Anonymous" defamed Plaintiff as follows: "Just another slut trying to lie and get some money out of it. . .not surprised if she knew exactly what she was doing the whole time."

> 43. Statement No. 3: A person who calls himself "Amypattersonisawhore" defamed Plaintiff as follows: "Of course she knew. She was looking for a payday the whole time. The only problem is Amy Patterson is huge whore with the std's to prove it. Typical Scottsdale whore looking for free money and tired of 'working.' Well, if Amy Patterson does score some cash, she should spend every dollar on Valtrex and plastic surgery." Valtrex is a drug used to treat certain sexually transmitted diseases.
> . . .
> 71. The corporate Defendants and Popo, directly or indirectly, upon information and belief, published or caused to be published the defamatory statements referenced herein.
> 72. The statements made were false and were published in a public forum for millions of persons to view.
> 73. The corporate Defendants' and Popo's defamatory statements were done with malice, and evil heart, and were so outrageous and so likely to cause tremendous harm to Plaintiff thereby entitling her to punitive damages. Defendants first subjected Plaintiff to sexual harassment and sexual assault only to follow by calling her a whore and accusing her of having sexually transmitted diseases after she sought to protect her rights.
> . . .
> 74. Plaintiff incorporates by reference all allegations heretofore set forth.
> 75. In directly or indirectly publishing the defamatory statements mentioned herein, the corporate Defendants' and Popo's conduct were extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community in any setting, e.g. characterizing Plaintiff as a whore who carries and transfers sexually transmitted diseases after she sought to protect her rights.
> 76. The corporate Defendants' and Popo's conduct were intended to cause and/or was done with reckless disregard of the near certainty that Plaintiff would suffer severe emotional distress.

(Doc. 1 at 9-10, 13.) In addition, the Complaint's "Factual Background" section contains the following allegation:

> 38. Popo's and the corporate Defendants' disregard for the law is a pattern and not simply limited to Title VII and common law. On strong information and belief, the corporate Defendants employ 35-40 undocumented workers in violation of federal law. On strong information and belief, Popo has instructed managers and consultants for the corporate Defendant restaurants to not E-verify kitchen staff.

(*Id.* at 9.)

Defendants' Motion asks the court to strike the above paragraphs of the Complaint under Federal Rule of Civil Procedure 12(f), which provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

## II.    LEGAL ANALYSIS

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Nevertheless, "Motions to strike are generally disfavored and are not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation. Consequently, when a court considers a motion to strike, it 'must view the pleading in a light most favorable to the pleading party.'" *Kosta v. Del Monte Corp.*, No.: 12-cv-01722-YGR, 2013 U.S. Dist. LEXIS 69319, at *11-12 (N.D. Cal. May 15, 2013) (citations omitted).

Rule 12(f) is primarily concerned with relevance.  Matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded" and is "impertinent" if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).  The Rule is not a mechanism for challenging the factual accuracy of a complaint's allegations. A "disputed question of fact cannot be decided on motion to strike." *Morell v. United States*, 185 F.R.D. 116, 118 (D.P.R. 1999) (quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (3d Cir. 1962)); *see also Bennett v. Spoor Behrins Campbell & Young, Inc.*, 124 F.R.D. 562, 563 (S.D.N.Y. 1989) ("The general policy is that the pleadings should be treated liberally, and that a party should have the opportunity to support his contentions at trial.").  Accordingly, "As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true and must liberally

construe the complaint in the light most favorable to the plaintiff." *Baughman v. Roadrunner Commc'ns, LLC*, No. CV-12-565-PHX-SMM, 2013 U.S. Dist. LEXIS 114865, at *4 (D. Ariz. Aug. 13, 2013).

In this case, Defendants do not contest that paragraphs 40-43 and 71-76 of the Complaint are relevant to Plaintiff's defamation and intentional infliction of emotional distress claims. The statements made by "Anonymous" and "Amypattersonisawhore" plainly have an "essential or important relationship" to Plaintiff's claim that she was defamed, as those statements constitute the alleged defamation. Instead, Defendants assert that Plaintiff lacks a basis for alleging it was Defendants who authored the anonymous comments in paragraphs 41-43. "Without information as to the source of the alleged statements," Defendants argue, "Plaintiff should not be allowed to assert prejudicial allegations without a shred of evidence as to the identity of the individual authoring such statements." (Doc. 12 at 6.) But a plaintiff is under no obligation to explain in her complaint how she formed a belief in the facts she alleges. And as explained above, Rule 12(f) is not designed to address factual disputes. Plaintiff has alleged, "upon information and belief," that Defendants "directly or indirectly . . . published or caused to be published" the statements in question. (Doc. 1 at 13.) At this stage of the proceedings, that is sufficient for purposes of Rule 12(f). Accordingly, the court cannot strike paragraphs 40-43 or 71-76 under that rule.

Of course, independent of Rule 12(f), an attorney is prohibited from pleading facts that he lacks a good faith basis for alleging. Federal Rule of Civil Procedure 11(b) provides that an attorney who files a pleading thereby "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Disregard of this rule may result in sanctions. Fed. R. Civ. P. 11(c). If Defendants believe Plaintiff's counsel has violated his ethical obligations, they may file a motion for sanctions, as long as they first comply with the

1   "safe harbor" provision of Rule 11(c)(2).  But that motion is not currently before the
2   court.
3       Defendants also move to strike allegations that they employ undocumented
4   workers and refuse to participate in the E-Verify system.  Plaintiff has brought claims
5   relating only to Popo's treatment of her personally; she does not seek relief on any cause
6   of action even remotely connected to immigration law.  Nevertheless, Plaintiff contends
7   the allegations in paragraph 38 are relevant because they "show[] a pattern of violating
8   federal law and mistreatment of employees" as well as Defendants' propensity to "take
9   illegal actions in the face of perceived risk that its actions will violate federal law."  (Doc.
10  23 at 5-6.)  Even assuming this allegation could be proved through admissible evidence,
11  *see* Fed. R. Evid. 404, the purpose for which Plaintiff hopes to offer it is wildly
12  overbroad.  The fact that a party may have violated one law in the past simply does not
13  bear on the likelihood that he has violated an entirely different law.  Defendants' alleged
14  hiring of undocumented workers is unconnected to Popo's alleged harassment of
15  Plaintiff.  In the language of Rule 12(f), paragraph 38 is "immaterial" and "impertinent"
16  and must therefore be stricken from the Complaint.

18      IT IS THEREFORE ORDERED that Defendants' Motion to Strike Portions of
19  Plaintiff Amy Patterson's Complaint (Doc. 12) is granted to the extent that paragraph 38
20  is stricken from the Complaint.  The Motion is otherwise denied.
21      Dated this 15th day of May, 2015.

Neil V. Wake
United States District Judge