WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Patterson,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Two Fingers LLC, et al.,<br><br>　　　　　　　Defendants. | No. CV-15-00494-PHX-NVW<br><br>**ORDER** |

　　　　Before the court is Plaintiff Amy Patterson's Motion to Decline Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367(a) (Doc. 46). In "any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). District courts have supplemental jurisdiction even over state law counterclaims brought by defendants. *See Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001) (analyzing district court's decision to dismiss state law counterclaim for abuse of discretion); *Danner v. Himmelfarb*, 858 F.2d 515, 522 (9th Cir. 1988). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

In this case, Patterson sued Defendants for Title VII sexual harassment, intentional infliction of emotional distress, battery, assault, and defamation. Defendants counterclaimed for business disparagement, wrongful interference with business relationships, libel per se, trade libel, public disclosure of private facts, false light, intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy. The essence of Defendants' allegations is that, in retaliation for her forced resignation from Defendants' restaurants, Patterson and her former attorney, Peter K. Strojnik, distributed leaflets and posted websites that suggested Defendant Joseph Popo had sexually harassed numerous women, including Patterson. In addition, Patterson and Strojnik allegedly reported these and other allegations to Defendants' landlord and "conspired . . . to extort money from Popo by threatening the disclosure of work related communications, potential criminal activity, and alleged affairs to the public at large." (Doc. 45 at 5.)

Determining the parties' liability on both sets of claims will require understanding the nature of Patterson's employment with Defendants and her reasons for leaving, whether severe sexual harassment or unsatisfactory performance. Trying Defendants' counterclaims will involve much of the same evidence that Patterson might use to prove her Title VII, battery, assault, and intentional infliction of emotional distress claims. Indeed, if Patterson's allegations are true, Defendants' claims for defamation, and perhaps some of their other claims, must fail as a matter of law. Defendants' counterclaims will also necessitate other evidence that, strictly speaking, is irrelevant to Patterson's claims. But § 1367(a) does not require a perfect fit between those claims over which a federal court has original jurisdiction and those claims over which it exercises supplemental jurisdiction. Rather, as long as the two sets of claims share a "common nucleus of operative facts," supplemental jurisdiction is appropriate. That common nucleus is present in this case.

Patterson argues that the court lacks subject matter jurisdiction over the counterclaims because the "nucleus of Plaintiff's allegations relates to Plaintiff's

mistreatment *prior* to the commencement of litigation," whereas Defendants' counterclaims "relate to events occurring *after* Plaintiff made her claims against Defendants." (Doc. 46 at 2 (emphasis in original).) This characterization appears to misstate the record: Defendants allege Patterson and Strojnik began making threats no later than January 12, 2015 (Doc. 45 at 5-6), but Patterson did not "commence" this litigation until March 18, 2015 (Doc. 1). Regardless, Patterson offers no citation to support her theory that the "common nucleus" test for § 1367(a) is governed by such artificial cutoffs. The court can exercise supplemental jurisdiction over Defendants' counterclaims.

IT IS THEREFORE ORDERED that Plaintiff Amy Patterson's Motion to Decline Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367(a) (Doc. 46) is denied.

Dated this 22nd day of May, 2015.

Neil V. Wake
United States District Judge