# EXHIBIT I

## Jason R. Mullis

**From:** Jason R. Mullis
**Sent:** Wednesday, June 17, 2015 9:35 AM
**To:** 'Eddie Pantiliat'; ps@strojnik.com
**Subject:** RE: Settlement Agreement

We have already initiated the process for obtaining the checks and would anticipate having the checks prior to the 60 days. Our goal is to get this wrapped up as soon as possible. However, I don't feel comfortable including a deadline that is not guaranteed to be met.

## Jason R. Mullis

Partner | Wood, Smith, Henning & Berman LLP
2525 E. Camelback Rd., Suite 450 | Phoenix 85016
jmullis@wshblaw.com | TEL 602.441.1314 | FAX 602.441.1350

---

**From:** Eddie Pantiliat [mailto:EAP@legalcounselors.com]
**Sent:** Wednesday, June 17, 2015 9:12 AM
**To:** ps@strojnik.com; Jason R. Mullis
**Subject:** RE: Settlement Agreement

Peter,

I must rely on Jason's positon with regard to the timing of payment, I would hope that it can be made sooner than what we expect but my clients have no control over the carrier's funding process.

The Liquidated damages is a material provision. I disagree with your comments as my clients are not litigious people and have suffered great harm from the amount of negative publicity this case has created. We expect that Amy would not do anything further to harm that reputation but need this assurance. I am open to discuss the amount of liquidated damages but will not agree to removing the entire provision.

Lastly, the Stipulation looks fine but I did not see a proposed form of Order.

Thank you.

1



**HYMSON GOLDSTEIN & PANTILIAT**
ATTORNEYS, MEDIATORS & COUNSELORS

**EDDIE A. PANTILIAT**
ATTORNEY & COUNSELOR
16427 N. SCOTTSDALE ROAD, STE. 300
SCOTTSDALE, AZ 85254
P: 480.991.9077
F: 480.443.8854
EAP@HGPLAW.COM

Web | Vcard | Facebook | YouTube | Email | Map
HG&P is a Professional Limited Liability Company

**From:** ps@strojnik.com [mailto:ps@strojnik.com]
**Sent:** Tuesday, June 16, 2015 9:14 PM
**To:** Jason R. Mullis
**Cc:** Eddie Pantiliat
**Subject:** RE: Settlement Agreement

Counsel, I am not here to argue, I am here to fix. The best way to proceed, then, is for your clients and you to execute the Settlement Agreement. This should take 24 hours.

Let's get this done.

Cordially Yours,

Peter Strojnik
STROJNIK, P.C.
2415 East Camelback Road Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail ps@strojnik.com

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: Re: Settlement Agreement
From: "Jason R. Mullis" <JMullis@wshblaw.com>
Date: Tue, June 16, 2015 8:58 pm
To: "ps@strojnik.com" <ps@strojnik.com>
Cc: Eddie Pantiliat <EAP@legalcounselors.com>

With respect to timing of payment, your information is wrong. They won't even process payment until they receive a signed agreement. Then they require funds to be processed through our trust account before dispersal and won't permit checks to be cut directly to a plaintiff. Thirty days is a minimum from receipt of a signed agreement.

Sent from my iPhone

2

On Jun 16, 2015, at 8:53 PM, "ps@strojnik.com" <ps@strojnik.com> wrote:

Thank you for the draft. Please review my redlined changes.

I agree that there should be no more publicity.

I have mainly two issues: First, I know from personal experience that Farmers can have the check(s) to you within a couple of days, so the 60 day payment period is unreasonable. Settlements are usually paid withi 10-14 days from the date of settlement, in our case June 6, 2015. In my redlines I propose a date certain when the payment is to be made.

The second issue is the liquidated damages issue. I my view there is no need for a liquidated damages provision. Damages are already covered by old Para 14, new Para 13. In addition, liquidated damages provisions have the unfortunate effect of having both parties looking for a sliver of breach as, for example, someone says "Yes, we settled and we are happy with the settlement", and the suing under the liquidated damages provisions.

Lastly, I attach a proposed stipulation for the entry of judgment and the proposed order.

Cordially Yours,

Peter Strojnik
STROJNIK, P.C.
2415 East Camelback Road Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail ps@strojnik.com

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.


-------- Original Message --------
Subject: Settlement Agreement
From: Eddie Pantiliat <EAP@legalcounselors.com>
Date: Tue, June 16, 2015 4:25 pm
To: "ps@strojnik.com" <ps@strojnik.com>
Cc: "Jason R. Mullis (JMullis@wshblaw.com)" <JMullis@wshblaw.com>

Hello Peter,

Here is the Settlement Agreement approved by us and the carrier. As you can see, it is imperative that Amy not create any more publicity related to this matter and certain necessary provisions have been included to assure that certainty and we consider them material terms to the Settlement.

Thank you.

Web | Vcard | Facebook | YouTube | Email | Map
*HG&P is a Professional Limited Liability Company*

<2. Patterson - Draft Settlement Agreement from Ed REDLINED.docx>
<2. Patterson - Draft Settlement Agreement from Ed REDLINED.pdf>
<Stipulation for Dismissal with Prejudice.doc>
<Order Dismissing with Prejudice.doc>