# EXHIBIT J

## Jason R. Mullis

| | |
|---|---|
| **From:** | Jason R. Mullis |
| **Sent:** | Monday, June 22, 2015 3:00 PM |
| **To:** | 'ps@strojnik.com'; Eddie Pantiliat |
| **Cc:** | Amy Patterson |
| **Subject:** | RE: Settlement Agreement |
| **Attachments:** | Patterson - Draft Settlement Agreement (3).docx |

Peter:

Your redline changes were not on the agreement and wanted to provide a version incorporating your changes for final approval. I accepted all of your changes, but added "only" at the end of subparagraph 7. Upon your approval, I will provide a clean PDF version for us to circulate amongst our clients.

With regard to payment, Farmers will be funding the entire settlement amount and anticipate we will be able to comply with the 30 day provision in the agreement (assuming an executed version of the agreement is received from Patterson today or tomorrow).

Jason

### Jason R. Mullis
Partner | Wood, Smith, Henning & Berman LLP
2525 E. Camelback Rd., Suite 450 | Phoenix 85016
jmullis@wshblaw.com | TEL 602.441.1314 | FAX 602.441.1350

---

**From:** ps@strojnik.com [mailto:ps@strojnik.com]
**Sent:** Wednesday, June 17, 2015 10:01 AM
**To:** Eddie Pantiliat; Jason R. Mullis
**Cc:** Amy Patterson
**Subject:** RE: Settlement Agreement

I recognize the validity of your points. However, the liquidated damages provision should be mutual, not unilateral, so I have made changes reflecting same. Also, I added verbiage about statements relating to Peter K. Strojnik which your clients can make if they do not reference Patterson or me.

On the matter of payment, I appreciated that you have already ordered the check(s). I anticipate that you will not find the proposed proposed changes offensive and that we can ink the deal within 48 hours. Therefore, I redlined the payment provision to reflect best efforts on all sides.

I attach the redlined paragraphs 1, 4-7. Eddie, I also attach the [Proposed] Order.

Cordially Yours,

Peter Strojnik
STROJNIK, P.C.
2415 East Camelback Road Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail ps@strojnik.com

1

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: RE: Settlement Agreement
From: Eddie Pantiliat <EAP@legalcounselors.com>
Date: Wed, June 17, 2015 9:12 am
To: "ps@strojnik.com" <ps@strojnik.com>, "Jason R. Mullis" <JMullis@wshblaw.com>

Peter,

I must rely on Jason's positon with regard to the timing of payment, I would hope that it can be made sooner than what we expect but my clients have no control over the carrier's funding process.

The Liquidated damages is a material provision. I disagree with your comments as my clients are not litigious people and have suffered great harm from the amount of negative publicity this case has created. We expect that Amy would not do anything further to harm that reputation but need this assurance. I am open to discuss the amount of liquidated damages but will not agree to removing the entire provision.

Lastly, the Stipulation looks fine but I did not see a proposed form of Order.

Thank you.



## HYMSON GOLDSTEIN & PANTILIAT
ATTORNEYS, MEDIATORS & COUNSELORS

**EDDIE A. PANTILIAT**
ATTORNEY & COUNSELOR
16427 N. SCOTTSDALE ROAD, STE. 300
SCOTTSDALE, AZ 85254
P: 480.991.9077
F: 480.443.8854
EAP@HGPLAW.COM

Web | Vcard | Facebook | YouTube | Email | Map
HG&P is a Professional Limited Liability Company

**From:** ps@strojnik.com [mailto:ps@strojnik.com]
**Sent:** Tuesday, June 16, 2015 9:14 PM
**To:** Jason R. Mullis
**Cc:** Eddie Pantiliat
**Subject:** RE: Settlement Agreement

2

Counsel, I am not here to argue, I am here to fix. The best way to proceed, then, is for your clients and you to execute the Settlement Agreement. This should take 24 hours.

Let's get this done.

Cordially Yours,

Peter Strojnik
STROJNIK, P.C.
2415 East Camelback Road Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail ps@strojnik.com

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: Re: Settlement Agreement
From: "Jason R. Mullis" <JMullis@wshblaw.com>
Date: Tue, June 16, 2015 8:58 pm
To: "ps@strojnik.com" <ps@strojnik.com>
Cc: Eddie Pantiliat <EAP@legalcounselors.com>

With respect to timing of payment, your information is wrong. They won't even process payment until they receive a signed agreement. Then they require funds to be processed through our trust account before dispersal and won't permit checks to be cut directly to a plaintiff. Thirty days is a minimum from receipt of a signed agreement.

Sent from my iPhone

On Jun 16, 2015, at 8:53 PM, "ps@strojnik.com" <ps@strojnik.com> wrote:

Thank you for the draft. Please review my redlined changes.

I agree that there should be no more publicity.

I have mainly two issues: First, I know from personal experience that Farmers can have the check(s) to you within a couple of days, so the 60 day payment period is unreasonable. Settlements are usually paid withi 10-14 days from the date of settlement, in our case June 6, 2015. In my redlines I propose a date certain when the payment is to be made.

The second issue is the liquidated damages issue. I my view there is no need for a liquidated damages provision. Damages are already covered by old Para 14, new Para 13. In addition, liquidated damages provisions have the unfortunate effect of having both parties looking for a sliver of breach as, for example, someone says "Yes, we settled and we are happy with the settlement", and the suing under the liquidated damages provisions.

Lastly, I attach a proposed stipulation for the entry of judgment and the proposed order.

Cordially Yours,

Peter Strojnik
STROJNIK, P.C.
2415 East Camelback Road Suite 700
Phoenix, Arizona 85016
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail ps@strojnik.com

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.


-------- Original Message --------
Subject: Settlement Agreement
From: Eddie Pantiliat <EAP@legalcounselors.com>
Date: Tue, June 16, 2015 4:25 pm
To: "ps@strojnik.com" <ps@strojnik.com>
Cc: "Jason R. Mullis (JMullis@wshblaw.com)" <JMullis@wshblaw.com>

Hello Peter,

Here is the Settlement Agreement approved by us and the carrier. As you can see, it is imperative that Amy not create any more publicity related to this matter and certain necessary provisions have been included to assure that certainty and we consider them material terms to the Settlement.

Thank you.



<image001.jpg>
Web | Vcard | Facebook | YouTube | Email | Map
*HG&P is a Professional Limited Liability Company*

<2. Patterson - Draft Settlement Agreement from Ed REDLINED.docx>
<2. Patterson - Draft Settlement Agreement from Ed REDLINED.pdf>
<Stipulation for Dismissal with Prejudice.doc>
<Order Dismissing with Prejudice.doc>

4

# CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement ("Agreement") is made by and between Amy Patterson ("Patterson") and Two Fingers, LLC d/b/a Stone & Vine Urban Italian Restaurant, Four Fingers, LLC d/b/a Salt + Lime Modern Mexican Grill, Six Fingers, LLC d/b/a Black + Bleu Restaurant, Joseph M. Popo and Gabriella Popo (collectively "Stone and Vine "). Patterson and Stone and Vine are together collectively referred to as the "Parties," and individually as a "Party."

## RECITALS

WHEREAS, Patterson was previously employed by Stone and Vine;

WHEREAS, Patterson filed a Complaint in Federal Court on or about March 18th, 2015 against Stone and Vine (the "Claims"). Stone and Vine subsequently Vine filed a counterclaim against Patterson and her counsel (the "Counterclaims") (*Patterson v. Two Fingers, LLC et. al*, Case 2:15-cv-00494-NVW (D.Ct. AZ 2015)). Patterson and Stone and Vine now wish to resolve the Claims, Counterclaims and any and all current (even potential) disputes, complaints and claims each Party may have against the other as set forth more fully in this Agreement;

WHEREAS, this Agreement does not contemplate and does not resolve any claims or the Counterclaims that Stone and Vine have or may have against Patterson's previous counsel, Peter K. Strojnik;

NOW, THEREFORE, in consideration of the mutual promises made herein, the Parties hereby agree as follows:

## COVENANTS

1. <u>Consideration</u>. In consideration of all promises made by Patterson in this Agreement, Stone and Vine and/or its insurers will pay Patterson One-Hundred and Fifteen Thousand Dollars and No Cents ($115,000) ("Settlement Payment") within ~~sixty (60) days of the Effective Date of this Agreement (see below)~~<u>the earliest possible time following the execution of this Agreement which shall be obtained by the Parties at their earliest opportunity</u>. The Settlement Payment is in full and complete satisfaction of the Claims and Counterclaims between the Parties. The Settlement Payment will be made payable to the "Strojnik, P.C. Client Trust Account," taxpayer identification number ~~_____~~ <u>EIN 451743063. The Parties agree that time is of the essence.</u>

2. <u>Mutual Releases</u>. Subject only to Stone and Vine's timely full performance of it's obligations in Section 1 and except as otherwise qualified in this Agreement, each Party, on her/his/its own behalf , otherwise releases, discharges and acquits the other Parties and to the fullest extent applicable, each of their respective members, managers, spouses, heirs, related and affiliated entities, employees, agents, parent companies, and predecessors as well as all of their: insurers, attorneys, accountants, professional employer organizations, legal successors and assigns (all of whom are referred to throughout this Agreement collectively as the "Released Parties"), from any and all charges, complaints, claims, causes of action, debts, demands, sums of money,

controversies, agreements, allegations, promises, damages and liabilities of any kind or nature whatsoever, both at law and equity, known or unknown, suspected or unsuspected, anticipated or unanticipated, arising from conduct occurring on or before the last counterpart signature date on this Agreement, including without limitation any claims incidental to or arising out of Patterson's employment with Stone and Vine, the separation thereof, and/or the allegations of defamation resulting from pretrial publicity (hereinafter referred to as the "Claims"). It is expressly understood by the Parties that among the various rights and Claims being conditionally waived in this release are those arising under Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Americans with Disabilities Act, the Civil Rights Act of 1866, the Family and Medical Leave Act, Age Discrimination in Employment Act of 1967, Arizona employment laws including but not limited to the Arizona Employment Protection Act, the Arizona Wage Age, the Arizona Civil rights act, or any other federal, state or local law or regulation, any Claims filed by Patterson in the United States District Court, as well as any and all allegations by Patterson of misconduct, impropriety, illegal behavior, discrimination, harassment, hostile work environment, retaliation, wrongful termination, and other negative characterizations of Stone and Vine, its employees and/or agents.

   3.  No Pending Claims. Each Party represents that she/he/it has no current: lawsuits, claims, administrative filings, arbitrations or other actions pending in her/his/its name, or on behalf of any other person or entity, against another Party or any of their Released Parties. Each Party also represents that she/he/it does not currently intend to bring in the future any such on her/his/its own behalf or on behalf of any other person or entity against another Party or any of their Released Parties, or that would impact their rights herein (e.g., for the recipients to get and permanently keep the Settlement Payments). Patterson further agrees that, as of the effective date of this Agreement, she has taken or will take any and all action necessary to fully withdraw and/or dismiss any Complaint.

   4.  Public Statements. Patterson warrants, other than disclosed prior to the date of this agreement, that she has not posted anywhere on the Internet or otherwise published, distributed or disseminated any writings related to the Claims, Counterclaims or this Agreement. The Parties and their counsel further agree that no statements, writings and/or comments may be posted anywhere on the Internet, or otherwise published, distributed and/or disseminated related to the Claims, Counterclaims or This Agreement other than as necessary to effectuate this Agreement or as may be required pursuant to a court order. Patterson and her counsel shall make no further public reference to Stone and Vine, by description, by reference and/or by any other terms which are reasonably suggestive of the identity of Stone and Vine. This prohibition shall apply to oral, written and electronic communications including, but not limited to posts on the Internet. The Parties and/or their counsel shall in no way assist or encourage any third-party in the authoring, publishing or distribution of writings which in any way refer to the Parties, either directly or indirectly. Nothing in this Section prevents Stone and Vine from making statements related to any claim it has or subsequently brings against Peter K. Strojnik provided that such statements against Peter K. Strojnik in no way implicate Patterson or her current counsel.

   5.  Confidentiality. The Claims and Counterclaims, including all of their~~its~~ allegations, and this Agreement, including all terms embodied herein, are confidential and intended to remain confidential. Except as expressly permitted herein, the Parties agree not to disclose the Claims, Counterclaims, the existence of this Agreement, or any of its terms, to any person or entity not a

party to this Agreement. The Parties shall maintain in strict confidence any and all information disclosed to them by each other and/or their counsel in the communications leading to this Agreement. However, nothing contained in this paragraph shall prohibit the Parties or their attorneys from disclosing either the existence or terms of this Agreement to a court of law in furtherance of the legal process or as otherwise required by law (e.g., disclosure of the underlying facts and circumstances to the Arizona State Bar). Notwithstanding the foregoing, the Parties agree that if asked about directly, ~~Patterson~~ the Parties may state that ~~she~~ Patterson and Stone and Vine entered into a confidential agreement related to her past employment and Counterclaims arising out of pre and post litigation publications that all disputes have been resolved. Nothing in this Section prevents Stone and Vine from making statements related to any claim it has or subsequently brings against Peter K. Strojnik provided that such statements against Peter K. Strojnik in no way implicate Patterson or her current counsel.

6. **Non-Disparagement/ Re-Employment.** Each Party agrees to refrain from any disparagement, defamation, libel, or slander, through any means or format, of the Released Parties, and each also agrees to refrain from any tortious interference with the contracts and relationships of the other Parties and their Released Parties. This Section 6 does not apply to claims or counterclaims maintained by Stone and Vine against Peter K. Strojnik. Patterson agrees never to apply for or intentionally seek future employment with Stone and Vine or any other company affiliated with Stone and Vine. Patterson further agrees that, if she unknowingly applies for or becomes hired by Stone and Vine or any other company affiliated with Stone and Vine, that employer or prospective employer has the lawful right to terminate Patterson's employment or refuse to hire Patterson based on this Agreement.

7. **Liquidated Damages.** ~~Patterson~~ The Parties represents and warrants that Sections 4-6 are material to ~~Stone and Vine~~ their settling the Claims and Counterclaims and that absent the promises set forth in Sections 4-6 ~~Stone and Vine~~ the Parties would not have entered into this Agreement. In the event that ~~Patterson~~ either Party violates any of the prohibitions set forth in Sections 4-6, Patterson or any of the Stone and Vine parties may bring an action for breach of this Agreement. If such a breach is established, the non-breaching party will be entitled to liquidated damages in an amount equal to the Settlement Payment set forth in Section 1, together with the attorney fees and costs required in bringing such an action. ~~Patterson~~ The Parties specifically acknowledges that this Section 7 is fair and reasonable and takes into account the difficulty in calculating damages ~~to Stone and Vine~~ and the importance of Sections 4-6 in ~~Stone and Vine's~~ the Parties' decision to settle this matter and enter into this Agreement. The Parties further acknowledge that the Settlement Payment represents the value of Patterson's claims minus the value of Stone and Vine's Counterclaims against Patterson, only.

8. **No Cooperation.** Each Party agrees that she/he/it will not knowingly encourage, counsel, or assist any attorneys (or their clients) in the pursuit of any disputes, differences, grievances, claims, charges, or complaints by any private third party against the other Parties and Released Parties, unless under a subpoena or other court order to do so. If approached by any private third party for such attempted counsel or assistance, the other Parties shall state no more than that she/he/it cannot provide such voluntary counsel or assistance.

9. <u>Background Checks/ References</u>. With respect to prospective employment or other background/reference checks related to Patterson, Stone and Vine agrees that all such inquiries will be referred to its (then) regular-designated agent who, citing Stone and Vine's policy for the limitations, shall confirm only Patterson's past position held, dates held, and final compensation level during employment.

10. <u>No Admission of Liability</u>. Each Party understands and acknowledges that this Agreement constitutes a compromise and settlement of any and all actual or potential disputed claims between them. No action taken by any Party hereto, either previously or in connection with this Agreement, shall be deemed or construed to be (a) an admission of the truth or falsity of any actual or potential claims or (b) an acknowledgment or admission by any Party of any fault or liability whatsoever to the any Released Party (including each of the Parties) or to any third party.

11. <u>Authority</u>. Stone and Vine represents and warrants that the undersigned has the authority to act on behalf of Stone and Vine and all who may claim through it to the terms and conditions of this Agreement. Patterson represents and warrants that she has all needed capacities to act on her own behalf and on behalf of all who might claim through her to bind them to the terms and conditions of this Agreement. Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims released herein.

12. <u>No Representations</u>. Each Party represents that she/he/it has had an opportunity to consult with an attorney, and by signing below represents and warrants that she/he/it has carefully read and fully understands the scope and effect of all the provisions of this Agreement. Each Party also represents that she/he/it has not relied upon any representations or statements made by any person or entity not specifically that is not set forth in this Agreement either expressly or by cross-reference.

13. <u>Severability</u>. In the event that any provision or any portion of any provision hereof or any surviving agreement made a part hereof becomes or is declared by a court of competent jurisdiction or arbitrator to be illegal, unenforceable, or void, this Agreement shall continue in full force and effect without said provision or portion of provision.

14. <u>Remedies</u>. Upon material breach of this Agreement, other than the remedies set forth in Section 7 for breaches of Section 4-6 by Patterson, an affected Party may initiate legal action to recover damages and/or injunctive relief, and the Parties hereby stipulate to the appropriateness of injunctive relief in such an action. The prevailing party in any action, suit or legal proceeding brought to enforce the Agreement's terms, including confidentiality, shall be entitled to recover attorney's fees and costs incurred in such action or suit.

15. <u>Entire Agreement</u>. This Agreement's terms (including any referenced pre-existing agreements' terms but only to the extent they are not inconsistent with any of them) represents the entire agreement and understanding between the Parties concerning the subject matter of this Agreement and Patterson's employment with and separation from Stone and Vine, the events leading thereto and associated therewith, and otherwise supersedes and replaces any and all prior other agreements concerning the subject matter of this Agreement and Patterson's relationship with Stone and Vine.

16. <u>No Oral Modification</u>. This Agreement may only be amended in a writing signed by the Parties.

17. <u>Governing Law, Exclusive: Jurisdiction and Venue</u>. This Agreement shall be governed by the laws of the State of Arizona, without regard for choice-of-law provisions. Each Party consents to personal, subject matter and all other jurisdictional requirements and venue exclusive within the State of Arizona.

18. <u>Counterparts/ Effective Date</u>. This Agreement may be separately executed in separate counterparts and then exchanged by email/PDF, facsimile or delivery to the other Party(ies)' legal counsel. The sets of exchanged counterparts shall each have the same force and effect as a fully-signed original counterpart and shall constitute an effective, binding agreement on the part of each of the Parties once the exchanged signed counterparts have each been so received by the respective legal counsel for the Parties.

*The rest of this page intentionally left blank.*

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

/
/
/
/
/
/
/
/
/
/

IN WITNESS WHEREOF, the Parties have separately executed separate counterparts of this Agreement on the respective dates set forth below.

| AMY PATTERSON | JOSEPH M. POPO |
|---|---|
| By: _____ | By: _____ |
| Dated: _____ | Dated: _____ |

Two Fingers, LLC d/b/a Stone and Vine Urban Italian Restaurant

Gabriella Popo

| | |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Dated: _____ |
| Titles: _____ | |
| Dated: _____ | |

Four Fingers, LLC d/b/a Salt + Lime Modern Mexican Grill

Six Fingers, LLC d/b/a Black + Bleu Restaurant

| | |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Titles: _____ |
| Dated: _____ | Dated: _____ |

Approved as to form and content:

Peter Strojnik
Strojnik, P.C.
2415 East Camelback Road, Suite 700
Phoenix, AZ 85016


Dated: _____

_____
Peter Strojnik, Esq.
Counsel for Amy Patterson

Eddie A. Pantiliat
Hymson Goldstein & Pantiliat, LLP
16427 N. Scottsdale Road, Ste. 300
Scottsdale, AZ 85254

Dated: _____    _____
                                 Eddie A. Pantiliat, Esq.
                                 Counsel for Two Fingers, LLC, Four Fingers,
                                 LLC, Six Fingers, LLC, Joseph M. Popo and
                                 Gabriella Popo

Jason R. Mullis
Wood, Smith, Henning & Berman, LLP
2525 E. Camelback Road, Suite 450
Phoenix, Arizona 85016

Dated: _____    _____
                                 Jason R. Mullis, Esq.
                                 Counsel for Two Fingers, LLC, Four Fingers,
                                 LLC, Six Fingers, LLC, Joseph M. Popo and
                                 Gabriella Popo