WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Patterson,<br><br>                    Plaintiff,<br><br>v.<br><br>Two Fingers LLC, et al.,<br><br>                    Defendants. | No. CV-15-00494-PHX-NVW<br><br>**ORDER** |

Before the court is Counter-Defendant Peter K. Strojnik's Motion to Dismiss Second Amended Counterclaim (Doc. 67). For the following reasons, the Motion will be granted.

**I.      BACKGROUND**

On March 18, 2015, Plaintiff Amy Patterson filed suit against Defendant Joseph Popo and three limited liability corporations over which he exercises partial control. (Doc. 1 at 1-3.) Those corporations do business in Scottsdale, Arizona, as Stone & Vine Urban Italian Restaurant, Salt & Lime Modern Mexican Grill, and Black & Bleu. (*Id.* at 2-3.) Beginning in 2013, while Patterson was working at these restaurants as a server and manager, Popo allegedly made "consistent inappropriate and grotesque sexual advances during each shift [Patterson] worked." (*Id.* at 4.) According to the Complaint, Popo repeatedly made graphic remarks to Patterson, touched her in an inappropriate manner, and "aggressively pressure[d] [Patterson] to engage in three-way intercourse with him

and another employee." (*Id.* at 5.) Patterson alleges the harassment became so severe and pervasive that she was eventually forced to resign. (*Id.* at 6-7.) Following her resignation and prior to initiation of this litigation, Popo and the other defendants (collectively, "Defendants") allegedly authored statements on a local internet forum calling Patterson a "whore," claiming she carried several sexually transmitted diseases, and intimating that she had welcomed Popo's sexual advances. (*Id.* at 9-10.)

Patterson's Complaint sought damages for Title VII sexual harassment, as well as for intentional infliction of emotional distress, battery, assault, and defamation. In response, Defendants filed a counterclaim against Patterson and a third-party complaint against her attorney, Peter K. Strojnik, and his law firm, the Strojnik Law Firm, LLC. (Doc. 8 at 1-3.) Defendants alleged that Patterson had "instigated" and reciprocated Popo's sexual "banter," and that rather than resigning voluntarily, Patterson had been forced out after a patron published a complaint about her on Yelp. (*Id.* at 4, 5.) In addition, Patterson and Strojnik allegedly "conspired with one another to extort money from Popo by threatening the disclosure of work related communications, potential criminal activity, and alleged affairs to the public at large." (*Id.* at 6.) The counterclaim alleges Patterson and Strojnik demanded $500,000 in return for an agreement not to report unspecified criminal conduct to the police; "disseminated defamatory and libelous information to the public by posting on websites such as LinkedIn, Facebook and The Dirty Scottsdale"; and "visited [Defendants'] places of business on numerous occasions to protest, disseminate pamphlets and/or otherwise bully [Defendants] into capitulating to their unlawful demands." (*Id.* at 6-8.)

Patterson and Defendants filed a Notice of Settlement on June 5, 2015 (Doc. 63), and all claims between those parties were dismissed on July 23, 2015 (Doc. 79). But Defendants have not dropped their claims against Strojnik and the Strojnik Law Firm. In a Second Amended Counterclaim filed on June 10, 2015, Defendants seek damages from Strojnik and the Strojnik Law Firm on seven causes of action, including business disparagement, wrongful interference with business relationships, libel per se, trade libel,

invasion of privacy, false light, and intentional infliction of emotional distress. (Doc. 65 at 13-27.) All of these claims arise under Arizona law. Strojnik now moves to dismiss the Second Amended Counterclaim 1) for lack of subject matter jurisdiction, as provided by Federal Rule of Civil Procedure 12(b)(1), and 2) for failure to state a claim upon which relief can be granted, as provided by Rule 12(b)(6).

**II.    ANALYSIS**

Patterson's Complaint asserted both a Title VII claim and various state law causes of action. This court therefore originally had jurisdiction over the entire case pursuant to 28 U.S.C. § 1331, which establishes federal question jurisdiction, and § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." But the existence of supplemental jurisdiction at the inception of a case does not necessarily require a federal court to continue exercising jurisdiction over pendent state law claims once all federal questions have been resolved:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, Strojnik urges dismissal under § 1367(c)(3) on the grounds that all federal claims—i.e., those over which the court had original jurisdiction—have been dismissed.[1]

---

[1] Because all parties are residents of Arizona (Doc. 65 at 2), the court cannot exercise original jurisdiction over any state law claims pursuant to the diversity statute,

Defendants insist Patterson's federal Title VII claim "has been settled, not truly dismissed" (Doc. 74 at 3), with the result that § 1367(c)(3) does not permit the court to refuse to exercise supplemental jurisdiction. This argument is without merit. After approving a settlement agreement, a court dismisses the action between the parties—as well as any "claims" that are part of that action. Indeed, in this case the court dismissed any and all claims between Patterson and Defendants on July 23, 2015. (Doc. 79.) For this reason, other courts have recognized that settlement of all federal claims justifies a decision under § 1367(c) to decline supplemental jurisdiction over any remaining state law causes of action. *E.g.*, *Denney v. City of Berkeley*, No. C 02-5935 JL, 2004 U.S. Dist. LEXIS 24265, at *9 (N.D. Cal. Nov. 18, 2004) ("Plaintiff *dismissed* all federal claims against all defendants following settlement of those claims. . . . Accordingly, this Court declines to assert jurisdiction over the remaining claim under California law." (emphasis added)); *cf. Ametex Fabrics v. Just in Materials, Inc.*, 140 F.3d 101, 105 (2d Cir. 1998) ("By the time of the settlement of the jurisdiction-conferring claim, third-party plaintiffs and AFP had already engaged in discovery under an expedited discovery schedule and held a settlement conference before a magistrate. Therefore, we cannot say that the district court abused its discretion in retaining supplemental jurisdiction over the third-party action."). The question thus becomes whether the exercise of supplemental jurisdiction is appropriate on the facts of this case.

"The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008). "The Supreme Court has stated . . . that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (second ellipsis in original). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of

---

28 U.S.C. § 1332.

one of the conditions in § 1367(c), it is informed by . . . values 'of economy, convenience, fairness, and comity.'" *Id.*

Retaining jurisdiction over Defendants' state law claims will not promote judicial economy or convenience. This litigation began only four months ago, and the court has not yet issued a scheduling order or ruled on any substantive motions. No discovery has taken place. Dismissing the remaining claims without prejudice will permit Defendants to file a fresh action in state court without having first expended significant time or resources in this court. While Defendants are correct that "it would take time to bring [a new] judge up to speed" on the facts of this case (Doc. 74 at 4), that is true in every case in which a federal court has discretion to decline supplemental jurisdiction under § 1367(c). Yet the Supreme Court has made clear that in the mine run of cases, residual state law claims should proceed in state court. A concern for "fairness" does not require an exemption from all the normal burdens of litigation. And comity counsels, as it will in most cases, that the Arizona courts be permitted to pass upon Defendants' state law claims. Accordingly, the court declines to retain supplemental jurisdiction over this case.

Because this action will be dismissed under Rule 12(b)(1), there is no need to address whether Defendants have failed to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Counter-Defendant Peter K. Strojnik's Motion to Dismiss Second Amended Counterclaim (Doc. 67) is granted. The Clerk shall dismiss the third-party claims against Peter K. Strojnik and the Strojnik Law Firm, LLC and shall terminate this case.

Dated this 27th day of July, 2015.

Neil V. Wake
United States District Judge